## 29432. PUCKETT v. THE STATE.

Ingram, Justice.

The appeal to this court is from an order of Bibb Superior Court overruling defendant's motion for a new trial after the defendant was tried before a jury and convicted on a two-count indictment for the offenses of armed robbery and aggravated assault. Defendant received sentences of life imprisonment for the robbery and 10 years imprisonment for the assault with the 10-year sentence to run consecutive to the life sentence.

In the enumeration of errors, defendant contends that the trial court erred in overruling his motion for new trial on the general grounds. Defendant was appointed counsel for prosecution of this appeal as his retained trial counsel withdrew from the case following completion of the trial. Appointed counsel states that, "After a thorough review of the record and a conscientious study of applicable decisions, appointed counsel has found no arguable ground of appeal. Counsel has so advised the

appellant, but appellant indicates he wants to appeal anyway." Appointed counsel also states that, "this appeal would not have been filed on behalf of a retained client but is being filed on behalf of this indigent defendant," because of his desire to appeal in order to comply with the decision of the Supreme Court of the United States in Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967).

We consider first defendant's enumerated error that the trial court should have ordered a new trial on the general grounds. We find it to be without merit. The evidence presented at the trial consists of a positive identification by the victim of the defendant as the one who committed the offenses and two other witnesses also identified the defendant as the perpetrator of the crimes. In addition, there is testimony by two co-defendants that defendant drew a gun on the victim, demanded money and shot him. The trial court correctly overruled the motion for a new trial on the general grounds.

Counsel for the defendant also urges this court to look beyond the general grounds of defendant's motion for new trial and "somewhere find that ground of reversal which counsel has labored in vain to discover." As pointed out by counsel, defendant received basically only one adverse ruling at the trial. This group of rulings by the trial judge overruled defendant's objections to the in-court identification of defendant as the perpetrator of the crimes by three of the five witnesses who identified the defendant at the trial.

Counsel for defendant at the trial objected to these identifications on the ground that none of these witnesses had previously picked out the defendant from a line-up or from photographs. Defendant's counsel took the position that the lack of a proper pre-trial identification in this case made the in-court identification unduly suggestive and improper and therefore required a mistrial. In support of this proposition, trial counsel relied on United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149) (1967); Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178) (1967); Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199) (1967); and Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968). As

correctly observed by counsel on appeal, if the state chooses to conduct a pre-trial line-up, the decisions relied on by trial counsel establish procedures to insure that the line-ups are fairly conducted and that the results are fairly placed in evidence. These decisions do not reach the question of whether a defendant may insist upon an out-of-court identification as a prerequisite to an in-court identification. However, as further noted by counsel, several courts have confronted this question but have all determined that a pre-trial identification as a condition precedent to an in-court identification was not required. See United States v. Hill, 449 F2d 743 (3d Cir. 1971); United States v. Munroe, 421 F2d 644 (5th Cir. 1970); United States v. Kennedy, 450 F2d 1089 (9th Cir. 1971), cert. denied, 406 U. S. 924; United States v. Poe, 462 F2d 195 (5th Cir. 1972).

In *Moye v. State,* 122 Ga. App. 14, 17 (176 SE2d 180) (1970), the Georgia Court of Appeals stated: "A line-up identification, or identification from a group of photographs, is not a prerequisite to every in-court identification. [Cits.] The test is whether the identification confrontation staged by the law enforcement authorities, judged by the 'totality of the circumstances surrounding it,' is 'so unnecessarily suggestive and conducive to irreparable mistaken identification' as to constitute a denial of due process of law." We agree with this assessment of the law by the Court of Appeals.

When the facts of this case are put to the test of whether the in-court identification was unnecessarily suggestive or conducive, it is clear that it was not. Five witnesses, including the victim and two co-defendants, all of whom had ample opportunity to observe the defendant during the course of the crimes, all positively identified defendant as the perpetrator of the crimes.

We find no error for any reason urged and therefore must affirm the trial court.

*Judgment affirmed. All the Justices concur. Hill, J., not participating.*

SUBMITTED DECEMBER 2, 1974 — DECIDED JANUARY 7, 1975.

*Willis B. Sparks, III,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Stephen Pace, Assistant District Attorneys, Arthur K. Bolton, Attorney General, Julius C. Daugherty,* for appellee.