## 30060. MYRICK v. THE STATE.

INGRAM, Justice.

Defendant's conviction for armed robbery, resulting in a sentence of life imprisonment, is here for review after denial of a motion for new trial in Butts Superior Court.

Counsel appointed by the trial court to represent this indigent defendant filed a motion in this court stating that, after studying the transcript of the trial, there was no basis for a successful appeal in counsel's opinion. Paragraph 2 of the motion noted that even though minor errors may have been committed during the trial of the case, defendant received a fair trial and there were no substantial errors which would require a reversal.

In response to counsel's motion, this court entered an order directing counsel to file an enumeration of errors in the case setting forth whatever errors defendant contends were committed during the trial of the case. Counsel for the defendant has now filed an enumeration of errors and a brief discussing each of the contended trial errors. See *Puckett v. State,* 233 Ga. 449 (211 SE2d 740) (1975).

The enumerated errors are: (1) the trial court erred in permitting the victim of the alleged armed robbery to make an in-court identification of defendant; (2) the trial court erred in admitting into evidence an alleged confession of the defendant as it was not freely and voluntarily made; and, (3) that the trial court erred "in admitting testimony regarding a pistol allegedly taken

by the defendant." We have considered each of these enumerations of error and have determined the trial court's judgment should be affirmed.

The essential facts of the case may be summarized briefly, as follows: James Robert Austin was operating a Standard Oil Service Station in Butts County for the owner, Harvey J. Hall, when an automobile with two occupants pulled into the station for gasoline around 4 o'clock one morning. After receiving the gas and being asked for payment, the occupants of the car confronted the station operator with a weapon and relieved him of money, tires and other items at gunpoint. They then left the premises with the defendant Myrick occupying the passenger's side on the front seat of the vehicle. As they drove away, the defendant Myrick shot the station operator from a distance of approximately 10 feet away. The operator could see it was Myrick who fired the weapon because of two flood lights, as well as other lights located around the station and canopy. The defendant was later arrested and made a statement to investigating officers after he was given advice by them of his rights under Miranda v. Arizona, 384 U. S. 436.

In his statement, defendant Myrick admitted the armed robbery, but contended the shooting of the station operator was accidental. He admitted taking the money and other items described in the indictment and also admitted taking a .22 caliber pistol from the station attendant during the robbery. Several tires taken during the robbery were later found at defendant's residence and he cooperated with law enforcement officials in recovering them. Defendant made an unsworn statement at trial, which was authorized at the time, in which he admitted his complicity in the armed robbery and said he was "sorry about it." He also stated that he "didn't mean to shoot nobody."

We conclude, after reviewing the record and transcript from the trial court, that no errors complained of in this appeal merit reversal of the trial court and the conviction of the appellant for armed robbery will be affirmed. See Allen v. State, 201 Ga. 391, 396 (40 SE2d 144); Dill v. State, 222 Ga. 793 (1) (152 SE2d 741); and Poole v. State, 100 Ga. App. 380, 385 (111 SE2d 265).

*Judgment affirmed. All the Justices concur.*

Submitted June 17, 1975 — Decided September 11, 1975.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr., Charles B. Haygood, Jr.,* for appellant.

*Edward E. McGarity, District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.