### 44476. HUFFMAN v. THE STATE.
(359 SE2d 910)

HUNT, Justice.

Paul Lewis Huffman was tried by a jury and convicted of attempted armed robbery and attempted kidnapping of Bruce Miller, conspiracy to traffic in cocaine, conspiracy to traffic in marijuana, and the felony murder of Ricky Holland. He was sentenced to life imprisonment for felony murder, and ten years imprisonment each, to be served consecutively, for attempted armed robbery, aggravated assault, and attempted kidnapping.[1] He appeals, enumerating as error the sufficiency of the evidence, the failure of the trial court to grant his motion for new trial based on newly-discovered evidence, and the admission into evidence of certain statements.

The evidence, viewed in the light most favorable to the jury's ver-

---

[1] The conspiracies began sometime in November 1985 and ended on December 7, 1985 when the remaining offenses were committed. The defendant was indicted on August 15, 1986, the jury returned its verdict on November 6, 1986, and the defendant was sentenced on November 21, 1986. The defendant's motion for new trial, filed December 18, 1986 and amended on January 15, 1987, was denied on February 27, 1987. The appeal was docketed in this court on March 24, 1987. The case was orally argued on May 14, 1987.

dict, shows that the defendant, Gregory Sumner, Michael Weatherington, and the victim, Ricky Holland, agreed upon a plan to sell cocaine and marijuana whereby Weatherington was to supply the drugs, Holland would locate a purchaser, and all the men would divide the profits. Unknown to the others, the victim was working as an undercover agent and had arranged with Georgia Bureau of Investigation Agent Bruce Miller for Agent Miller to act as the purchaser of the drugs. The morning the drug purchase was to take place, Weatherington met the victim, drove with him in the victim's truck, and shot him, after the two men argued about whether Weatherington had the drugs for the planned transaction. When the victim tried to run from the truck, Weatherington chased and caught him and stabbed him with a knife until the victim no longer moved. Weatherington drove the victim's truck back to where the defendant was waiting and told the defendant he had killed the victim. The two men drove to look at the victim's body, then continued into a bar where they met Agent Miller in the parking lot. Weatherington and Agent Miller got into a struggle after Weatherington pointed a gun at Agent Miller's head when he refused to get into Weatherington's car. The defendant got out of the passenger side of Weatherington's car and ran up behind Agent Miller and, moments later, surveillance officers converged on the scene. In an interview with a sheriff later in the day, the defendant admitted his involvement in the drug transaction scheme, and stated his job was to be a "lookout" for Weatherington. He also admitted owning a Bowie and boot knife and testified that the knife used to kill the victim might have belonged to him. Weatherington pled guilty to the murder of the victim and Sumner pled guilty to one count of conspiracy. The doctor who performed an autopsy of the victim testified that the victim died as a result of blood loss from all the wounds inflicted by Weatherington.

1. Based on the foregoing evidence, we conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends that although he was a part of the conspiracy to sell illegal drugs, he was not present at the victim's murder, the victim's murder was not a foreseeable result of the conspiracy, and therefore, his felony murder conviction should be reversed. We disagree. All of the participants in a conspiracy are criminally responsible for the acts of each, committed in the execution of the conspiracy, and which may be said to be a probable consequence of the conspiracy, even though the particular act may not actually have been a part of the plan. *Lobdell v. State*, 256 Ga. 769, 773 (7) (353 SE2d 799) (1987). Testimony was presented at trial that the defendant was carrying knives and was aware that Weatherington had a

knife in anticipation of the initial meeting to finalize the drug transaction. Based on this evidence, and the fact that the defendant, after viewing the victim's body with Weatherington, continued with Weatherington to consummate the drug transaction, the jury was authorized to find that the victim's murder was a probable and foreseeable consequence of the underlying conspiracy to traffic in illegal drugs. Therefore, we find no merit to this enumeration. Id.; OCGA § 16-5-1 (c).

3. We also find no merit to defendant's contention that the evidence does not support his convictions for attempted armed robbery, aggravated assault, or the attempted kidnapping of Agent Miller. In addition to the evidence of the defendant's actual participation in these crimes by coming up behind Agent Miller when Weatherington threatened Miller in the parking lot, the jury was also authorized to find under the evidence that the defendant was guilty of these crimes insofar as they were committed by his co-conspirator because these crimes were probable consequences of the conspiracy.

4. The defendant contends the trial court erred by denying his motion for new trial based upon allegedly newly-discovered evidence which he presented in the form of affidavits of inmates incarcerated with the defendant's co-conspirators, which affidavits the defendant claims show that his co-conspirators were engaged in a separate conspiracy in which the defendant was not included, and which resulted in the victim's murder. Pretermitting whether the allegedly newly-discovered evidence meets the requirements of OCGA § 5-5-23, the testimony of the inmates is inadmissible hearsay and a new trial was not authorized under the established rule that declarations to third persons against the declarant's penal interest, to the effect that the declarant and not the accused was the actual perpetrator of the offense, are not admissible in favor of the accused at his trial. *Timberlake v. State*, 246 Ga. 488, 492 (1) (271 SE2d 792) (1980).

5. We find no merit to defendant's final enumeration regarding the admission of certain of his statements into evidence because no objection to the admission of these statements was made at trial and, moreover, the statements are consistent with those the trial court found were voluntarily made following a *Jackson-Denno* hearing. *Brogdon v. State*, 255 Ga. 64, 67 (2) (355 SE2d 383) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 1987.

*George M. Saliba II*, for appellant.
*H. Lamar Cole, District Attorney, Michael J. Bowers, Attorney*

*General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.