## S96A1864. THOMAS v. THE STATE.

(480 SE2d 601)

BENHAM, Chief Justice.

In this appeal from his conviction for murder and burglary,[1]

---

[1] The crimes were committed on September 29, 1993, and Thomas surrendered to the police that day. He was indicted on January 30, 1996, for malice murder, felony murder,

Eddie Thomas (a/k/a Timothy Gilbert and Michael Murphy) raises only the sufficiency of the evidence. The evidence presented by the State at trial set out the following events. Thomas was a resident of the Macon Rescue Mission, and J. W. Bloodworth, the victim, was an employee of the mission who resided there. On the day before the crimes were committed, Bloodworth ejected Thomas at gunpoint from the mission for attacking another resident. In the early morning hours of the day of the murder, Thomas entered the mission through a second-story window. He went to the room of a resident named Smith, who had keys to interior hallway doors, woke Smith and told him he "wanted to get something straight with J.W.," then forced Smith at knifepoint to go to Bloodworth's room. At Thomas's insistence, Smith woke Bloodworth, who opened his door with a pistol in his hand. Thomas distracted Bloodworth by offering him the knife, then wrestled the pistol away from him. Bloodworth produced another pistol, whereupon Thomas shot Bloodworth in the chest. Bloodworth fired once, wounding Thomas, and Thomas shot Bloodworth twice more, killing him. Thomas required Smith to lie down on Bloodworth's prone body while Thomas rifled Bloodworth's pants and dresser drawers, and took the other pistol. Thomas left, returned moments later to pull the phone cord out of the wall, then left again.

The State's evidence, summarized above, was sufficient to authorize a rational trier of fact to find Thomas guilty beyond a reasonable doubt of malice murder and burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hartman v. State*, 266 Ga. 613 (469 SE2d 163) (1996). Although Thomas denied having criminal intent when he entered the mission and swore that he shot Bloodworth only in self-defense, the jury is the judge of the credibility of the witnesses and the jury here was entitled to disbelieve Thomas's version of the facts. *Brannon v. State*, 266 Ga. 667 (469 SE2d 676) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 17, 1997.

*William M. Shurling III,* for appellant.

aggravated assault, kidnapping, burglary, and armed robbery. At trial on February 26-27, 1996, he was convicted of malice murder, felony murder, and burglary, and acquitted of aggravated assault, kidnapping, and armed robbery. The trial court sentenced Smith to life imprisonment for malice murder (the felony murder conviction having been vacated by operation of OCGA § 16-1-7), and to 20 years for burglary, to be served concurrently with the life sentence. Smith's motion for new trial filed March 12, 1996, was denied on July 16, 1996. Pursuant to Smith's notice of appeal filed on July 25, 1996, the record was transmitted to this Court and the case was docketed on August 19, 1996. The appeal was submitted for decision on the briefs on October 14, 1996.

*Charles H. Weston, District Attorney, Thomas C. Woody II, Laura D. Hogue, Assistant District Attorneys, Michael J. Bowers, Attorney General, H. Maddox Kilgore, Assistant Attorney General, for appellee.*