## A00A1134. JONES v. THE STATE.
(540 SE2d 693)

PHIPPS, Judge.

Andez Jones appeals his conviction for armed robbery, contending that the evidence was insufficient to support the conviction and that his trial counsel was ineffective in failing to request a lesser included offense instruction on theft by taking. We find that the evidence was sufficient to support a conviction for armed robbery and did not warrant an instruction on theft by taking. Therefore, we affirm.

The evidence showed the following. On July 21, 1994, Jones and two other men entered the Midtown Pharmacy in Columbus, brandishing firearms and yelling, "This is a stickup." Jones went to the center aisle of the store and yelled directions. Another gunman went to the lone customer in the store, ordered her to get on the floor and held her there at gunpoint. The third gunman attempted to open a cash register. When he could not, he forced a store employee to another cash register. The employee was unable to open the register because he did not know how.

Jones then placed his gun to the head of a different employee who he apparently believed could open a cash register. As Jones walked that employee, a delivery man, toward a cash register, the employee yelled the name "Maurice" repeatedly. He did not know how to open a cash register but knew that there was another employee named Maurice hiding in the store who did know how to open a cash register. The gunmen abruptly fled the store, apparently because one of them was named "Maurice" and they believed he had been recognized.

The gunman holding the customer took her purse from the pharmacy counter before fleeing. The purse was the only property taken in the robbery.

Jones later confessed that he had participated in planning and perpetrating the robbery and that he put a gun to the head of one of the employees. He was indicted for armed robbery based upon the taking of the purse.

1. Jones contends that the evidence was insufficient to support his conviction for several reasons.

(a) First, he asserts that he and his co-defendants had intended to rob only the store and not any of the patrons and that because the armed robbery of the pharmacy was unsuccessful, a charge of armed robbery could not be based on a co-defendant's taking of a customer's purse off a counter as they fled. However,

> [a]ll of the participants in a plan to rob are criminally responsible for the acts of each, committed in the execution

of the plan, and which may be said to be a probable consequence of the unlawful design, even though the particular act may not have actually been a part of the plan. [Cits.][1]

The jury was authorized to find that taking property from a patron was "a probable and foreseeable consequence" of the underlying conspiracy to rob the store.[2]

(b) Next, Jones argues that he was a not a party to the taking of the purse because he had fled the store and thereby abandoned the criminal enterprise before the last gunman grabbed the purse. The evidence belies that contention. A still photograph from a surveillance videotape shows all three robbers exiting the store at roughly the same time. Moreover, abandonment is an affirmative defense which depends upon a voluntary and complete renunciation of criminal purpose.[3]

A renunciation of criminal purpose is not voluntary and complete if it results from . . . [a] belief that circumstances exist which [will] increase the probability of detection or apprehension of the person or which render more difficult the accomplishment of the criminal purpose. . . .[4]

The evidence shows that Jones fled the store to avoid apprehension.[5]

(c) Finally, Jones argues that the taking of the purse constituted theft by taking rather than armed robbery because the customer was unaware that her purse had been taken until after the gunmen had left the store.[6] Jones argues that, therefore, the element of force is lacking.[7] Jones cites *McNearney v. State*[8] and *Grant v. State*[9] in support of his argument.

We find that those cases are factually distinguishable and that this case instead is controlled by *Culver v. State*.[10] There, an intruder entered the victim's bedroom in the early morning hours, put a knife

---

[1] *Lobdell v. State*, 256 Ga. 769, 773 (7) (353 SE2d 799) (1987).

[2] *Huffman v. State*, 257 Ga. 390, 392 (2) (359 SE2d 910) (1987).

[3] OCGA § 16-4-5 (a); see also *Lobdell*, supra at 771-772 (1); *Cunningham v. State*, 240 Ga. App. 92, 99 (4) (c) (522 SE2d 684) (1999).

[4] OCGA § 16-4-5 (b) (1).

[5] See *Hayes v. State*, 193 Ga. App. 33, 36 (7) (387 SE2d 139) (1989).

[6] The customer testified that she lay on the floor with her head down during the robbery. It can be inferred that she did not see her purse as it was taken and was unaware of the taking until after the robbery concluded.

[7] See *State v. Epps*, 267 Ga. 175, 176 (476 SE2d 579) (1996) ("A taking accomplished by force or intimidation is the 'distinguishing characteristic' of robbery — the 'gist' of the offense. [Cit.]").

[8] 210 Ga. App. 582 (436 SE2d 585) (1993).

[9] 226 Ga. App. 506 (486 SE2d 717) (1997).

[10] 230 Ga. App. 224 (496 SE2d 292) (1998).

to her throat, threatened to kill her and raped her. As the intruder left, he took approximately $600 from the victim's purse. The victim did not witness the taking because her face was covered with a pillow or blanket, and the intruder had told her not to move or he would kill her.[11] This court found that there was sufficient evidence of force to support an armed robbery conviction because "a jury could find that the victim was aware that her life and personal property were at risk while [the intruder] terrorized her and remained in her home."[12]

Here, the element of force is also readily apparent. Before the robbery, the customer had rested her purse on the pharmacy counter while she spoke to a pharmacy technician. When the gunmen entered, she heard them yell, "This is a holdup." One of them forced her to the floor with a gun to her head and stood over her the entire time. When she looked up once, he told her that if she moved, he would kill her. Thereafter, she remained on the floor with her head down, shaking and crying.

Although the victim may not have seen the gunman snatch her purse from the counter and run away with it, the evidence showed indisputably that she had been forced at gunpoint to relinquish possession and control of the purse and assume a submissive position. She was clearly aware that her life and her property were at risk.

For these reasons, we find that the evidence was sufficient to support Jones's conviction for armed robbery.[13]

2. Jones asserts that his trial counsel was ineffective in failing to request a lesser included instruction on theft by taking because there was at least a jury question whether the victim's awareness of the taking was sufficient to prove armed robbery.

To establish ineffective assistance of counsel, the defendant must show both that his trial counsel's performance was deficient and that he was prejudiced to the extent that " 'there exists a reasonable probability that, but for his counsel's errors, . . . the result of the proceeding would have been different. . . . [Cit.]"[14] A trial court's determination that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous.[15]

The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no

---

[11] Id. at 231 (6).
[12] Id.
[13] See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[14] *Ross v. State*, 231 Ga. App. 793, 795-796 (1) (499 SE2d 642) (1998).
[15] Id.

error in failing to give a charge on the lesser offense. [But] [w]here a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense.[16]

There was no evidence that the gunmen committed theft by taking rather than armed robbery. It is indisputable that the use of force enabled the gunmen to take possession of the victim's purse.[17] Thus, the evidence did not warrant an instruction on theft by taking, and Jones's trial counsel did not err in failing to request one. We agree with the trial court's determination that Jones received effective assistance of counsel.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 24, 2000.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, E. Wayne Jernigan, Jr., Assistant District Attorney*, for appellee.

---

[16] (Emphasis in original.) *Smith v. State*, 244 Ga. App. 667 (1) (536 SE2d 561) (2000).

[17] See OCGA § 16-8-41 (a); *Epps*, supra; *Wilson v. State*, 264 Ga. 455, 456 (448 SE2d 184) (1994).