S01A1231. HARVEY v. THE STATE.
(554 SE2d 148)

BENHAM, Justice.

This appeal is from Tamela V. Harvey's convictions for the murder and armed robbery of W. C. Hunt.[1] Evidence adduced at trial

---

[1] The crimes were committed on May 7, 1998, and Harvey was indicted on November 9 of that year for malice murder, felony murder (armed robbery), and armed robbery. On November 23 and 24, 1998, Harvey was tried before a jury and found guilty on all three counts. Deeming the felony murder count to be merged with the malice murder count, the trial court sentenced Harvey to life imprisonment for malice murder and to a 20-year consecutive sentence for armed robbery. A motion for new trial was filed December 11, 1998, amended February 21, 2001, and denied on March 21, 2001. A notice of appeal was filed on April 20, 2001, pursuant to which this appeal was docketed in this Court on May 16, 2001. The appeal was submitted for decision on the briefs.

established that the 63-year-old Hunt, who was ill and was required to be on oxygen most of the time, was found dead in his home, near the front door. His gold necklace and video cassette recorder were missing, and a wall-mounted cabinet had been removed and was sitting on the floor, its lock pried open. Hunt had suffered a cut on his left wrist and a three to three-and-a-half inch stab wound to the left side of the chest, the latter wound being the cause of death. Harvey testified that as she was passing by Hunt's home on that day, he invited her inside and offered to pay her for sex. Although they agreed on a price, Harvey changed her mind while undressing and said she wanted to leave. She testified that Hunt pinned her to the bed and she had to spray him with perfume in order to get him off of her. During a struggle that moved through the house, Harvey picked up a knife with which she cut Hunt's wrist and stabbed him. She testified that she did so in self-defense, and that even after she stabbed him, he tried to choke her. The struggle continued to the front door where, according to Harvey, she had her hands on Hunt's throat when he died. In two previous statements, but not at trial, Harvey admitted climbing on top of Hunt and choking him until he gave his last breath. Harvey never called for help or notified any authority of the situation, but instead left Hunt's house with his keys, two $1 bills which she took from his pockets, the knife, a screwdriver, his VCR, and his necklace. She sold the necklace later that day for two "dime rocks" of crack cocaine. Changing her story each time, Harvey provided several statements to law enforcement officers including a statement in which she falsely implicated another individual in the robbery and murder. She later admitted that statement was false when the alleged accomplice was able to produce an alibi from his employer. On appeal, she complains of the admission of statements she gave to the police and contends that the evidence was not sufficient to support her convictions.

1. At a hearing regarding the admissibility of her statements to the police, Harvey testified that she was held without food or outside contact and was threatened until she gave a statement. Because the officer who took her first statements was not present to testify, her testimony was uncontradicted as to those statements, and the trial court suppressed them as involuntary. Later statements, including one in which she admitted stabbing Hunt to death, were ruled voluntary and, therefore, admissible after the police officers who had taken them gave testimony contradicting Harvey's. She enumerates as error the ruling that her statements were voluntary.

> In ruling on the admissibility of an in-custody statement, a trial court must determine whether, based upon the totality of the circumstances, a preponderance of the evidence dem-

onstrates that the statement was made freely and voluntarily. [Cit.] . . . Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson v. Denno* hearing will be upheld on appeal. [Cit.]

*Grier v. State*, 273 Ga. 363 (2) (541 SE2d 369) (2001). In the present case, although Harvey testified that her statement was not voluntary, the trial court was presented with other testimony indicating that Harvey had been informed of her rights, had signed waivers of counsel, had been permitted food and rest, and had admitted killing Hunt. There being evidence to support the trial court's determination regarding the voluntariness of Harvey's statements, that ruling was not clearly erroneous.

2. Harvey also contends that the evidence at trial was not sufficient to authorize the verdicts. That evidence, viewed in the light most favorable to the verdict as it must be (*Rachel v. State*, 247 Ga. 130 (1) (274 SE2d 475) (1981)), established that Harvey entered Hunt's house to obtain money to buy drugs; that she and Hunt had a disagreement, during the course of which she stabbed him to death; and that she stole items of value from Hunt's home. Although Harvey denied having murderous intent when she entered Hunt's home and swore that she cut, stabbed, and choked Hunt only in self-defense, the jury is the judge of the credibility of the witnesses and the jury here was entitled to disbelieve Harvey's version of the facts. *Thomas v. State*, 267 Ga. 508, 509 (480 SE2d 601) (1997). The evidence at trial was sufficient to authorize a rational trier of fact to find Harvey guilty beyond a reasonable doubt of murder and armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Smith v. State*, 265 Ga. 570 (1) (459 SE2d 420) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2001.

*John W. Sherrer, Jr.*, for appellant.

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney, Thurbert E. Baker, Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.