A02A1587. HUMPHREY v. THE STATE.
(571 SE2d 187)

MIKELL, Judge.

Reginald Humphrey entered a negotiated plea of guilty to one count of child molestation. He was sentenced to ten years, with one to serve in confinement and the balance on probation as well as a $1,000 fine. During sentencing, Humphrey requested first offender treatment, which the trial court denied. Humphrey appeals the trial court's denial of his request, arguing that the trial court: (1) impermissibly considered hearsay to arrive at its determination and (2) erred by refusing to exercise its discretion to grant him first offender status. We agree that the trial court considered impermissible hearsay and reverse.

The indictment alleged that Humphrey "perform[ed] an immoral and indecent act to [J. T.], a child under the age of sixteen years, to-wit: the said accused fondled the inner thigh of the said child, with the intent to arouse and satisfy his sexual desires in violation of OCGA § 16-6-4." In response to Humphrey's request for first offender treatment, the prosecution told the trial judge: "I would just ask that you consider that in Humphrey's confession he said that it had

---

[12] *Hamilton v. State*, 260 Ga. 3, 5 (5) (b) (389 SE2d 225) (1990).

occurred on a number of occasions. We're simply proceeding on one charge."[1]

The record contains an investigator's report which reads as follows: "Reginald Leon Humphrey interviewed at [Newton County Sheriff's Office] under *Miranda* — gave confession — not recorded see written interview summary — witnessed by Inv. J. Roberts." Humphrey's counsel filed a motion to suppress the statement but withdrew the motion after the negotiated plea agreement was reached. There is no evidence in the record that Humphrey admitted to anything other than the sole offense described in the indictment.[2] The trial judge denied Humphrey first offender status, stating:

> The one thing that occurs to me was that if this was an isolated incident that had occurred only once in his life — it's part of the plea, and I understand the plea agreement, and I'm not going to depart from it, but under the circumstances where this apparently has occurred a number of times, . . . I'm not going to allow him to be sentenced as a First Offender. I do consider every case individually. I'm not saying because I've never done it before I'm not doing it here. I don't think it justifies departing from the recommendation due to the facts and circumstances of this particular case taking everything into account as I have. . . . Does he wish to withdraw his guilty plea?

Humphrey declined to withdraw his plea.

1. Humphrey argues that the trial judge considered impermissible hearsay in denying him first offender status. In response, the state argues that Humphrey waived this argument on appeal because he failed to object to the admission of the evidence below. It is well established in Georgia that "hearsay testimony is not only inadmissible but wholly without probative value, and its introduction without objection does not give it any weight or force whatever in establishing a fact. *Higgins v. Trentham*, 186 Ga. 264 (1) (197 SE 862) (1938)."[3] Thus, despite Humphrey's failure to object to the prosecutor's statement, the statement lacks probative value and carries no weight toward establishing it as a fact.[4]

---

[1] The prosecution opposed first offender status although there can be advantages for the state in such treatment. See, e.g., *Roland v. Meadows*, 273 Ga. 857 (548 SE2d 289) (2001).

[2] Humphrey maintained that this was an isolated incident.

[3] (Punctuation omitted.) *Day v. State*, 235 Ga. App. 771, 772 (2) (510 SE2d 579) (1998), citing *White Missionary Baptist Church v. Trustees of First Baptist Church*, 268 Ga. 668, 669 (1) (492 SE2d 661) (1997).

[4] *Curtis v. State*, 190 Ga. App. 173, 175 (2) (378 SE2d 516) (1989), overruled in part on other grounds, *Brown v. State*, 274 Ga. 31, 34 (1) (549 SE2d 107) (2001).

"[T]here is a presumption, in the absence of a strong showing to the contrary, that the trial judge, when sitting without a jury, separates the legal evidence from facts not properly in evidence in reaching his decision."[5] The showing necessary to rebut that presumption is present in this case.[6] The record shows that the trial court relied upon the prosecutor's hearsay statement in denying Humphrey first offender status, and there was no evidence presented to corroborate the statement. Accordingly, we remand for resentencing with direction to the trial court to determine whether to grant Humphrey first offender status without considering unlawful evidence.[7]

2. We note, however, that our decision does not in any way abrogate the rule that the determination to treat a defendant as a first offender lies entirely within the trial court's discretion.[8] But a refusal to consider first offender treatment or the automatic denial of such treatment as part of a sentencing formula or policy constitutes an abuse of that discretion.[9] Here, our decision is not based upon the trial court's refusal to consider first offender treatment as an option nor its use of a mechanical sentencing formula, as the record does not support either assertion.

*Judgment reversed and case remanded with direction. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 6, 2002.

*Moulton & Massey, Jeremy A. Moulton*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Brian K. Ross, Assistant District Attorney*, for appellee.

---

[5] (Citation and punctuation omitted.) *Workman v. State*, 137 Ga. App. 746, 749 (7) (224 SE2d 757) (1976).

[6] Compare *Welborn v. State*, 166 Ga. App. 214, 215 (303 SE2d 755) (1983) (illegal evidence was injected in sentencing hearing but the trial court sustained objections to it, which supported the presumption that the court only considered the legal evidence, and the defendant did not show that the trial judge was prejudiced by the illegal evidence).

[7] In light of our decision, it is not necessary to address Humphrey's argument that OCGA § 17-10-2 (a) requires the state to give notice of its intent to introduce other acts in aggravation of the sentence. Nonetheless, we point out that in *Martin v. State*, 207 Ga. App. 861 (429 SE2d 332) (1993), we held that "[b]y its terms, OCGA § 17-10-2 (a) is not made expressly applicable to sentences imposed in the context of guilty plea hearings." Id. at 862.

[8] *Welborn*, supra; *Camaron v. State*, 246 Ga. App. 80, 81-82 (1) (539 SE2d 577) (2000).

[9] *Jones v. State*, 208 Ga. App. 472 (431 SE2d 136) (1993), citing *Cottingham v. State*, 206 Ga. App. 197, 199 (3) (424 SE2d 794) (1992).