## S05A1193. CUNNINGHAM v. THE STATE.
### (620 SE2d 374)

HUNSTEIN, Presiding Justice.

Donyeil Ladon Cunningham was convicted of malice murder in the stabbing death of Jim Daniel Bowers. He appeals, contending the evidence was insufficient to support his conviction and challenging evidentiary rulings by the trial court.[1] Finding no error, we affirm.

1. Cunningham contends that the evidence at trial was not sufficient to authorize the verdicts. That evidence, viewed in the light most favorable to the verdict as it must be, *Harvey v. State*, 274 Ga. 350 (2) (554 SE2d 148) (2001), established that after an afternoon spent smoking crack cocaine, Cunningham had an argument with his girlfriend and left her car taking with him a pink-handled steak knife she used for opening the car's trunk. Cunningham went to the victim's house and together they smoked more crack cocaine pur- chased by the victim. The victim's body was subsequently found near a farm where Cunningham once worked. Expert medical testimony established that the victim had sustained between 45 and 57 stab wounds to the face, neck and both the front and back of the body. The victim bled to death from multiple perforations to his jugular veins and carotid artery. There were no stabbing or defensive injuries on the victim's extremities and there was a boot print in blood on his bare back. Police found a broken pink-handled steak knife at the scene and recovered bloodied clothing items and boots left by Cunningham at his girlfriend's house and another location; the boots had a tread consistent with the print on the victim's back. The victim's car was found in another location; it showed signs of having been wiped clean and the police were unable to recover any fingerprints. Although the victim had cashed his paycheck that afternoon, no money was found at the scene and the victim's empty wallet was subsequently recov- ered.

In his statement to the police, Cunningham claimed that he accepted a ride home from the victim but instead of going to his house, the victim drove to a parking lot, turned off the vehicle and then tried to touch Cunningham's penis while propositioning him for oral sex. Cunningham stated that while fending off the victim's advances he repeatedly stabbed the victim in the neck with the steak knife and used his pocket knife after the steak knife broke. Cunningham also

---

[1] The crimes occurred on November 13, 2003. Cunningham was indicted February 19, 2004 in Hart County on charges of murder, felony murder and aggravated assault. On February 17, 2005 Cunningham was found guilty on all charges and was sentenced to life in prison for malice murder. A notice of appeal was filed March 8, 2005. The appeal was docketed April 8, 2005 and was submitted for decision on the briefs.

introduced evidence that in August 1986 the then-teenaged victim had propositioned a man with a request for oral sex.

Although Cunningham contends that he stabbed the victim only in self-defense, the jury is the judge of the credibility of the witnesses and the jury here was entitled to disbelieve Cunningham's version of the facts. See *Harvey*, supra, 274 Ga. at 352 (2). The evidence adduced at trial was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Cunningham was guilty of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court allowed Cunningham to present evidence regarding the victim's sexuality to the extent it was relevant to Cunningham's claim of self-defense, by admitting evidence regarding the victim's prior propositioning of a man 17 years earlier. The trial court did not err by refusing to allow Cunningham to question the victim's father about entirely irrelevant evidence regarding the victim's sexuality. See *Smart v. State*, 277 Ga. 111 (2) (587 SE2d 6) (2003).

3. Cunningham contends the trial court erred by admitting his unredacted taped statement to the police because that statement impermissibly placed his character into evidence. In the statement Cunningham explained that in the hours leading up to the crimes he purchased crack cocaine, bought and sold pills in order to purchase more cocaine, then sold some of the crack cocaine he had purchased to the victim and smoked it with the victim. The portions of his statement challenged by Cunningham " 'were an integral part of [his] criminal confession, and such statements are not rendered inadmissible because the language used therein indicates that the accused has committed another and separate offense. (Cits.)' [Cits.]" *Walker v. State*, 264 Ga. 79, 80 (3) (440 SE2d 637) (1994). Moreover, evidence as to whether a defendant was under the influence of alcohol or drugs at the time a crime was committed is deemed part of the res gestae and is admissible as such even though it may incidentally place the defendant's character in evidence. *Ramsey v. State*, 233 Ga. App. 810, 812 (2) (505 SE2d 779) (1998). Accordingly, we find no error in the admission of Cunningham's statement.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 2005.

*Michael B. Nation*, for appellant.

*Robert W. Lavender, District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.