A06A1896. TAYLOR v. THE STATE.
A06A1897. ANDREWS v. THE STATE.
(638 SE2d 869)

MILLER, Judge.

Following a combined jury trial, Sean Quinton Taylor and Robert Fredrick Andrews were convicted of two counts of armed robbery. In Case No. A06A1896, Taylor appeals, challenging the sufficiency of the evidence, the trial court's charge on identification, and the effectiveness of his trial counsel. In Case No. A06A1897, Andrews appeals, also asserting that the evidence is insufficient to support his convictions. Discerning no error, we affirm both cases.

Viewed in the light most favorable to the jury's verdict, the evidence shows that Emilio Moreno and Juan Herrera were robbed at gunpoint by two men while taping drywall at a Henry County work site. At a photographic lineup, Moreno identified Taylor as one of the perpetrators at the scene. Ramon Calderon, a co-worker of the victims, identified Taylor and Andrews as the perpetrators at two additional photographic lineups. In court, both men were again identified as the perpetrators — Herrera positively identifying Taylor, and Calderon once more identifying Taylor and Andrews. In other testimony, Moreno and Herrera stated that their wallets, which contained $350 and $1,700, respectively, were taken from them in the robberies.

In a videotaped statement following a *Miranda*[1] warning, Taylor denied any involvement in the robberies, testifying that he had been with his mother, his girlfriend, and a friend on the day at issue. Realizing that his cell phone was missing, however, Taylor called his cell phone number. The police, who had recovered the cell phone at the crime scene, answered while not disclosing their identity. Taylor agreed to rendezvous at a local Waffle House to retrieve his phone. The rendezvous occurred, and Taylor's arrest followed. Andrews was arrested after he gave police a *Mirandized* statement in which he denied involvement in the robberies but, without police prompting, correctly volunteered that the victims of the robberies were of Mexican descent.

### Case No. A06A1896

1. Taylor contends that the evidence was insufficient to sustain his convictions. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). "The testimony of a single witness is generally sufficient to establish a fact, and this includes a [witness'] uncorroborated identification of [a robber]." (Citation and punctuation omitted.) *Bradford v. State*, 274 Ga. App. 659, 660 (1) (618 SE2d 709) (2005).

Taylor argues that Herrera's in-court identification was unreliable because Taylor was sitting at the defense table; more than two years separated the crimes and the date of trial; and Herrera had not identified him in a pretrial photographic lineup. "A line-up identification, or identification from a group of photographs[, however,] is not a prerequisite to every in-court identification." (Citations and punctuation omitted.) *Puckett v. State*, 233 Ga. 449, 451 (211 SE2d 740) (1975). Instead the test is whether, in the totality of the circumstances, the identification confrontation is so suggestive and susceptible to misidentification as to result in a denial of due process of law. Id.

The record shows that Herrera had a clear view of Taylor as the driver of the getaway vehicle at the crime scene. His identification

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

testimony was subject to extensive cross-examination. Under these circumstances, it is clear that the in-court identification at issue was not tainted by an unduly suggestive courtroom environment. *Puckett*, supra, 233 Ga. at 451; see also *Ralston v. State*, 251 Ga. 682, 684 (2) (309 SE2d 135) (1983). Moreover, Taylor's cell phone was found at the crime scene, and Calderon also positively identified him at trial.

In light of the foregoing, the evidence was sufficient to sustain Taylor's convictions for armed robbery. *Bradford*, supra, 274 Ga. App. at 660 (1).

2. Taylor contends that the trial court erred in charging the jury that it may consider the "level of certainty" shown by a witness in assessing the reliability of eyewitness identification testimony. While such instruction was error (*Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005)), we find no harm because, apart from the identification evidence, the recovery of Taylor's cell phone placed him at the scene of the crime. Compare id. (wherein the *only* evidence connecting the defendant to the crimes was eyewitness identification testimony). "There is no remedy for error without harm." (Citations and punctuation omitted.) *Hayes v. State*, 276 Ga. App. 268, 271 (3) (623 SE2d 144) (2005).

3. Taylor claims that his trial counsel rendered ineffective assistance by allowing character evidence to be presented to the jury; failing to move to suppress the identification evidence against him; and failing to object to the trial court's consideration at sentencing of a Georgia Criminal Information Center ("GCIC") report pertaining to him. We disagree.

> To prove ineffective assistance, [Taylor] was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

*Kimmons v. State*, 267 Ga. App. 790, 792 (2) (600 SE2d 783) (2004).

(a) Taylor contends the trial court erred by admitting his videotaped statement because the statement impermissibly placed his character into evidence. In the statement, Taylor admitted having left his cell phone at the site where the armed robberies at issue took place and indicated that, among other things, he had previously been incarcerated. The portions of his statement that Taylor challenges "were an integral part of his criminal confession, and such statements

are not rendered inadmissible because the language used therein indicates that the accused has committed another and separate offense." (Citations and punctuation omitted.) *Cunningham v. State*, 279 Ga. 694, 695 (3) (620 SE2d 374) (2005). The "failure to make a meritless objection [does not] amount to ineffective assistance." *Scott v. State*, 272 Ga. App. 32 (2) (611 SE2d 712) (2005).

(b) Taylor contends that his trial counsel failed to provide effective assistance because trial counsel neither challenged his pretrial identification by Moreno nor his pretrial and in-court identifications by Calderon. Citing, inter alia, *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), he argues that the evidence was impermissibly suggestive in the totality of the circumstances and therefore inadmissible. We disagree.

The evidence of record clearly shows that Moreno and Calderon separately identified Taylor in photographic lineups without any prompting by the police. In any event, Calderon identified Taylor in court as one of the armed robbers. Even had the out-of-court identification been impermissibly suggestive, "an in-court identification is admissible if it does not depend upon the prior identification, but has an independent origin." (Citation and punctuation omitted.) *Escobar v. State*, 279 Ga. 727, 729 (2) (620 SE2d 812) (2005). At trial, seeing Taylor "face-to-face," Calderon independently identified Taylor as the person he had seen at the crime scene.

Accordingly, trial counsel was not obligated to challenge the identification evidence of which Taylor complains. It follows that trial counsel was not ineffective for having failed to do so. *Scott*, supra, 272 Ga. App. at 32 (2).

(c) Finally, Taylor asserts that trial counsel was ineffective in that, on sentencing, he interposed no objection to the trial court's "consideration" of his GCIC report. Absent a strong showing to the contrary, Georgia law presumes that "the trial judge, when sitting without a jury, separates the legal evidence from facts not properly in evidence in reaching his [or her] decision." (Punctuation and footnote omitted.) *Humphrey v. State*, 257 Ga. App. 312, 314 (1) (571 SE2d 187) (2002). While the record shows that the trial court was furnished a copy of Taylor's criminal history, nothing of record shows that the sentence the trial court ordered was based thereon. Given *Humphrey*, we conclude that no prejudice inured to Taylor, and this basis for his ineffectiveness claim is meritless. *Smith v. State*, 250 Ga. App. 465, 468 (4) (552 SE2d 468) (2001).

### Case No. A06A1897

4. Andrews also challenges the sufficiency of the evidence as to his convictions for armed robbery. The evidence reflects that Andrews

was positively identified, in and out of court, as one of the perpetrators involved in the charged offenses. Moreover, in his duly warned, post-robbery statement to police, Andrews volunteered information that implicated him in the crimes. Accordingly, we likewise find that the evidence was sufficient to sustain Andrews' convictions of armed robbery. *Bradford,* supra, 274 Ga. App. at 660 (1).

*Judgments affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 17, 2006 — 

*Martin C. Jones,* for appellant (case no. A06A1896).
*Christopher E. Chapman,* for appellant (case no. A06A1897).
*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, John A. Pipkin III, Assistant District Attorneys,* for appellee.