A07A0809. ALLEN v. THE STATE.
(648 SE2d 677)

RUFFIN, Judge.

A jury found Anthony Allen guilty of multiple offenses, including one count of burglary, four counts of kidnapping, one count of false imprisonment, five counts of aggravated assault, one count of attempted rape, one count of aggravated sodomy, and one count of armed robbery. On appeal, Anthony challenges the sufficiency of the evidence supporting three of those counts. In three enumerations of error, Anthony also contends that he received ineffective assistance of counsel. For reasons that follow, we affirm.

1. In examining this case, we adhere to the usual principles of appellate review. On appeal from a criminal conviction, Allen no longer enjoys a presumption of innocence, and we view the evidence in a light most favorable to the jury's verdict.[1] In so doing, we neither weigh the evidence nor determine witness credibility, but merely ascertain whether the evidence was sufficient to establish guilt beyond a reasonable doubt.[2]

Viewed in this manner, the evidence shows Melissa G., her husband, and two children were temporarily living with her in-laws. During the afternoon of October 19, 2001, Melissa was in the home with her children when a car pulled into the driveway. Three men exited the vehicle and entered the house through the garage. One of

---

[10] See *Simpson v. State*, 263 Ga. App. 467, 469 (3) (588 SE2d 291) (2003).

[11] See *Denova*, supra at 17 (2).

[1] See *Harris v. State*, 283 Ga. App. 374, 374-375 (641 SE2d 619) (2007).

[2] See id.

the men was brandishing a gun. The gunman asked Melissa who was in the house, and she responded that her children were home, but not her husband. The gunman then held the gun to Melissa's back and followed her into the house. The men began asking where valuables were stored, and Melissa explained that she did not know since it was not her house. Two of the men began ransacking the house while the gunman stayed with Melissa.

The gunman marched Melissa through the house, continuing to question her regarding where items were stored. Eventually, the gunman took Melissa to the dining room, and he ordered her to remove her pants and underwear. He then ordered the victim to bend over the dining room table and spread herself. At that point, the gunman realized that the victim was menstruating, and he asked the victim if she had engaged in anal intercourse. When the victim responded negatively, the gunman forced the victim to kneel before him and perform oral sodomy.

During this time, Melissa's children, who had been moved into the den, were ordered to sit down. One of the assailants stood guard over the children. Melissa's 12-year-old daughter asked several times to see her mother, and was eventually taken into the kitchen where she saw her mother with a gun pointed to her head. The gunman briefly pointed his weapon at the child. The man standing guard then took the child back to the den.

Melissa's sister-in-law and mother-in-law returned home while the assailants were present, and the two women were taken at gunpoint into the living room. The gunman and Melissa joined the group in the living room, and the gunman smoked a cigarette. Ultimately, the perpetrators left, and Melissa discovered that the contents of her wallet, including approximately $20, had been taken. The police were summoned. Melissa gave the officers the t-shirt she had been wearing, which was stained with the gunman's ejaculate. DNA testing revealed that it was Allen's semen on Melissa's shirt. Melissa also identified Allen from a photographic lineup. When Allen was brought in by police for questioning, he told the officer he had not raped the victim, but merely ejaculated on her.

(a) Allen argues that the evidence was insufficient to establish that he kidnapped Melissa's 12-year-old daughter. Specifically, he claims that there was insufficient evidence of asportation. We disagree.

Under OCGA § 16-5-40 (a), "[a] person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." "[T]he distance which a kidnapper abducts his victim is without legal significance. Only the slightest movement of the victim is required to

constitute the necessary element of asportation."[3] Here, the 12-year-old victim testified that she was watching television in the den when she heard a loud noise in the garage and went to investigate. The victim testified that the perpetrators subsequently moved her into the living room, where she was kept under guard while the house was ransacked and her mother was sexually molested. This evidence was sufficient to support the jury's conclusion that Allen was guilty of kidnapping.[4]

(b) Allen also contends that the evidence was insufficient to support his conviction for the armed robbery of Melissa. "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon."[5] According to Allen, he cannot be found guilty of this crime because the contents of the wallet were not taken from Melissa's immediate presence. But courts have liberally interpreted this requirement, and an armed robbery conviction may be upheld even if the items taken are outside of the victim's presence.[6] Indeed, where — as here — the perpetrators use a weapon to forcibly keep the victim away from her property while it is being taken, it may still constitute armed robbery.[7] It follows that this allegation of error lacks merit.

(c) Allen was also found guilty of attempted rape. On appeal, he argues that he should not have been convicted of the crime because the evidence showed that he abandoned the attempt. Abandonment under OCGA § 16-4-5 is an affirmative defense that requires a voluntary and complete renunciation of criminal purpose.[8] As the statute makes clear, "[a] renunciation of criminal purpose is not voluntary and complete if it results from . . . a belief that circumstances exist which [will] increase the probability of detection or apprehension of the person or which render more difficult the accomplishment of the criminal purpose."[9] Here, the evidence shows that upon discovering the victim was menstruating, Allen apparently found the accomplishment of the crime to be more difficult. He did not, however, abandon his criminal enterprise, choosing instead to

---

[3] (Punctuation omitted.) *Austin v. State*, 286 Ga. App. 149, 151 (1) (648 SE2d 414) (2007).

[4] See id. Although Allen may not have been the one to move the child to the living room, he may nonetheless be found guilty of kidnapping as a party to the crime. See *Reagan v. State*, 281 Ga. App. 708, 711 (3) (637 SE2d 113) (2006).

[5] OCGA § 16-8-41 (a).

[6] See *Lester v. State*, 267 Ga. App. 795, 798 (1) (600 SE2d 787) (2004).

[7] See id.

[8] See *Jones v. State*, 246 Ga. App. 494, 495 (1) (b) (540 SE2d 693) (2000).

[9] OCGA § 16-4-5 (b) (1).

force the victim to perform fellatio on him. Under these circumstances, it cannot be said that Allen made a complete renunciation of his criminal purpose.[10]

2. In three enumerations of error, Allen contends that he received ineffective assistance of trial counsel. In order to prove such claim, he must demonstrate not only that his counsel's performance was deficient, but also that such deficiency prejudiced his defense.[11] In so doing, Allen "must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct."[12] We will uphold a trial court's finding that counsel was effective unless clearly erroneous.[13]

(a) Allen contends that his attorney rendered ineffective assistance in requesting a jury instruction that has subsequently been disapproved by the Supreme Court. Specifically, Allen alleges that his attorney requested a pattern jury instruction on a witness's level of certainty — an instruction that was thereafter found flawed in *Brodes v. State*.[14] Although we agree that this instruction should no longer be given, it provides no basis for an ineffective assistance claim.

"Pretermitting whether counsel erred in requesting the instruction, [Allen] has failed to show that he was prejudiced as a result."[15] Here, in addition to Melissa's identification of Allen as the perpetrator based upon the photographic lineup, DNA evidence also linked Allen to the crime. Under these circumstances, the giving of the erroneous instruction was harmless, and Allen is unable to establish prejudice.[16]

(b) In a related argument, Allen contends that his attorney rendered ineffective assistance in failing to obtain an expert on identification to undermine Melissa's identification of him as the perpetrator. Again, however, DNA evidence established that Allen was the assailant. Given this evidence, the trial court would have been authorized to exclude expert testimony regarding identification.[17] Thus, we fail to see how Allen was prejudiced by his attorney's failure to procure such expert.[18]

---

[10] See *Cunningham v. State*, 240 Ga. App. 92, 99 (4) (c) (522 SE2d 684) (1999).

[11] See *Taylor v. State*, 282 Ga. App. 469, 471 (3) (638 SE2d 869) (2006).

[12] (Punctuation omitted.) *Winfield v. State*, 278 Ga. App. 618, 619 (629 SE2d 548) (2006).

[13] See *Taylor*, supra.

[14] 279 Ga. 435 (614 SE2d 766) (2005).

[15] *Fagan v. State*, 283 Ga. App. 784, 788 (2) (643 SE2d 268) (2007).

[16] See id.

[17] See *Allen v. State*, 268 Ga. App. 519, 526-527 (2) (602 SE2d 250) (2004) (where there is substantial corroboration of identification, a trial court does not abuse its discretion in excluding expert testimony on the issue of identification).

[18] See *Claritt v. State*, 280 Ga. App. 384, 387 (4) (a) (634 SE2d 81) (2006).

(c) Finally, Allen broadly claims that he was denied effective assistance because he was "unable to work with his trial counsel" and repeatedly asked for a new attorney. Again, in order to establish a claim of ineffective assistance, Allen must demonstrate that he was prejudiced by his attorney's shortcomings.[19] And Allen fails to demonstrate that any difficulties he experienced with his attorney may have changed the outcome at trial. Accordingly, he has not shown entitlement to reversal on this basis.[20] To the extent Allen argues that his constitutional right to counsel was violated, we note that this is not enumerated as error, and " '[a] party cannot expand his enumerations of error through argument or citation in his brief.' "[21]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

---

DECIDED JUNE 22, 2007.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Wesley C. Ross, Assistant District Attorney*, for appellee.

---

[19] See *Taylor*, supra.
[20] See *McIntyre v. State*, 239 Ga. App. 623 (520 SE2d 55) (1999).
[21] *Robertson v. State*, 277 Ga. App. 231, 233, n. 5 (626 SE2d 206) (2006).
[1] (Punctuation omitted.) *Robison v. State*, 277 Ga. App. 133, 134 (1) (625 SE2d 533) (2006).
[2] See id.