A01A0137. OUTLAW v. THE STATE.
(546 SE2d 327)

BLACKBURN, Chief Judge.

Following a bench trial, Billy Outlaw appeals his conviction for driving under the influence of alcohol, alleging that the trial court erred by denying his motion in limine in which he sought to exclude the results of the alco-sensor test given to him by the arresting officer, contending that the State could not impeach its own witness.

Officer Ken Eubanks had erroneously testified that he read Outlaw the implied consent warning for commercial motor vehicle driver suspects contained in OCGA § 40-5-67.1 (b) (3). Outlaw, who had a commercial driver's license, was driving a noncommercial vehicle at the time of the incident. It was Eubanks' custom to read the implied consent warning for commercial drivers under such circumstances, even though that is clearly contrary to the requirements of OCGA § 40-5-67.1.

After all evidence had been submitted to the court by the parties at the motion in limine hearing, the State moved to reopen the evidence. The State had reviewed the videotape of the stop, and it established that Eubanks had, in fact, read the correct implied consent warning required by law, notwithstanding his intention to read the wrong implied consent warning.

The court allowed the State to reopen the hearing and, at the conclusion, denied Outlaw's objection to the evidence submitted, contending that the State should not be allowed to impeach its own witness. For the reasons that follow, we affirm.

On appeal from the denial of a motion in limine,

> an appellate court must adopt the trial court's findings of fact unless they are clearly erroneous and not supported by any evidence admitted at the suppression hearing. However, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations and punctuation omitted.) *State v. Burks*.[1]

At the hearing on the motion in limine, Officer Eubanks testified that he stopped Outlaw's vehicle because he had been weaving in and out of the traffic lines on the interstate for about a mile. Outlaw smelled of alcohol, had red, watery eyes, and admitted to having drunk two beers. After performing some field sobriety tests and concluding that Outlaw was intoxicated, Eubanks arrested Outlaw.

Unbeknownst to Eubanks, he erroneously testified that he then read Outlaw the implied consent warning in OCGA § 40-5-67.1 (b) (3), which is applicable to "commercial motor vehicle driver suspects," informing him that Georgia law requires that he submit to a State-administered chemical test, having thought he had done so. Outlaw, who had a South Carolina commercial driver's license, initially refused to take the test, but later changed his mind at the police station.

In a supplemental brief in support of the motion in limine, Outlaw argued that the results of the alco-sensor test should be excluded from trial because, although he carried a commercial driver's license, he was not operating a commercial vehicle at the time he was stopped. Outlaw insisted that Eubanks should have instead read him the implied consent warning in OCGA § 40-5-67.1 (b) (2), which is applicable to all "suspects age 21 or over."

Before the trial court ruled on the motion, the State, conceding

---

[1] *State v. Burks*, 240 Ga. App. 425 (523 SE2d 648) (1999).

that the warning in OCGA § 40-5-67.1 (b) (3) applies only to a person that is actually driving a commercial vehicle regardless of the type of license they possess, filed a motion to reopen the evidence, requesting that it be allowed to tender a videotape of the traffic stop. The State argued that the video would demonstrate that Eubanks gave incorrect testimony at the hearing and that he actually gave Outlaw the correct warning, which is contained in OCGA § 40-5-67.1 (b) (2). The State asserted that Eubanks would testify that it was his practice, albeit incorrect, to read the warning in OCGA § 40-5-67.1 (b) (3) to all drivers with commercial licenses. Essentially, Eubanks "mistakenly" read Outlaw the correct warning. Following a second hearing, the trial court denied the motion in limine.

On appeal, Outlaw argues that, by reopening the evidence, the trial court violated the rule against impeaching one's own witness. The rule states that, "[a] party may not impeach a witness voluntarily called by him, except where he can show to the court that he has been entrapped by said witness by a previous contradictory statement." OCGA § 24-9-81. Although our Supreme Court "has removed the requirements of surprise and prejudice from the element of entrapment in the statute, the statute's plain language still requires as a threshold matter a showing that the witness made a statement inconsistent with the witness's testimony." (Citations omitted.) *Jones v. State*.[2] Also, the Supreme Court has previously noted that "the rationales underlying extraordinary circumstances before allowing one to impeach his own witnesses were no longer valid and that no good reason for the rule existed any longer." *Davis v. State*.[3]

In *Davis*, the Court stated that

[i]f, at the time of the questioning, a party has knowledge of a prior statement by one of his witnesses which contradicts testimony that witness has just given, that party has been sufficiently entrapped so that he may impeach his witness by use of the prior inconsistent statement.

*Davis*, supra at 314. Outlaw asserts that, under *Davis*, the State had to know "at the time of questioning" that the witness made a prior inconsistent statement. We disagree.

The statement in *Davis*, read in context, is not the exclusive method of entrapment. For example, in *Mitchell v. State*,[4] the witness, on direct examination, contradicted a previous statement, but the State did not realize that the witness had done so until the wit-

---

[2] *Jones v. State*, 270 Ga. 25, 27 (3) (505 SE2d 749) (1998).
[3] *Davis v. State*, 249 Ga. 309, 313 (3) (290 SE2d 273) (1982).
[4] *Mitchell v. State*, 254 Ga. 353, 354 (2) (329 SE2d 481) (1985).

ness had been excused. The State then recalled the witness and used the previous statement to impeach him. Our Supreme Court, having found no violation of *Davis*, upheld the trial court's decision to allow the State to recall the witness. *Mitchell*, supra.

Here, too, we find no violation of the prohibition against impeaching one's own witness. Indeed, the requirement that the witness make a statement inconsistent with the witness's testimony, see *Jones v. State*, supra, is met because Eubanks read the warning for all drivers over 21, which was inconsistent with his testimony that he read the warning for drivers of commercial vehicles.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 22, 2001 —
RECONSIDERATION DENIED MARCH 14, 2001 —

*Grayson P. Lane, Newell M. Hamilton, Jr.*, for appellant.
*Stephen D. Kelley, District Attorney, James J. Presswood, Jr., George C. Turner, Jr., Assistant District Attorneys*, for appellee.