## A02A0822. PARHAM v. THE STATE.
(565 SE2d 913)

JOHNSON, Presiding Judge.

Randall Parham and Eddie Tucker were tried together on the charge of robbery by force. They were convicted of the lesser included offense of battery. Parham appeals from his conviction. He argues that the evidence is insufficient to support the conviction because only the victim identified him as a perpetrator of the crime. The argument is without merit.

Robert Phares testified that one night he and a friend were walking in Athens when they encountered two men who said they were from out of town. The men asked to be shown bars in Athens, and Phares agreed. Phares and the two men went to a bar, where they drank beer. They then left and walked to another bar called Boneshakers. Outside of Boneshakers, the two men and Phares went around the side of the building to smoke marijuana.

There, the two men attacked Phares. One of them hit Phares twice on the head, and the other one grabbed him from behind. Phares tried to run away, but the men knocked him down and jumped on him. Phares briefly lost consciousness, and when he came to, he discovered that his wallet was missing.

---

[7] OCGA § 16-10-24 (b).
[8] See *Cornell v. State*, 222 Ga. App. 476, 477 (474 SE2d 634) (1996).

Phares called the police to report the attack. He described his assailants, and a short time later the police picked up two suspects who were later identified as Parham and Tucker. The police brought the men to the crime scene, where Phares identified them as his attackers. Phares testified that Parham is the one who initially hit him and that Tucker is the one who grabbed him from behind.

In addition to identifying them on the night of the attack, Phares identified Parham and Tucker at their trial. The state also introduced Phares' shirt, which was bloodied in the attack, and photos of Phares showing his injured face. Moreover, an officer who responded to the crime scene testified that Phares had a bloody face and swollen eye and that he identified Parham and Tucker as the assailants. Likewise, the police officer who found Parham and Tucker testified that they appeared to have been running, and he confirmed that Phares identified them at the scene as the perpetrators.

Contrary to Parham's argument, the testimony of a single witness is generally sufficient to establish a fact, and this includes a victim's uncorroborated identification of an assailant.[1] The lack of corroboration goes only to the weight of the evidence and the victim's credibility, matters which are solely within the purview of the jury.[2] Thus, even though Phares is the only witness who could testify that Parham attacked him, that testimony was enough to establish Parham's identity as one of the assailants. Having reviewed all the evidence in the light most favorable to the verdict, we find sufficient evidence from which the jury was authorized to find Parham guilty beyond a reasonable doubt of battery.[3]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED MAY 31, 2002.

*William C. Bushnell*, for appellant.
*Kenneth W. Mauldin, District Attorney*, for appellee.

---

[1] *Davis v. State*, 253 Ga. App. 803, 805 (1) (560 SE2d 711) (2002).
[2] *Samuels v. State*, 223 Ga. App. 275, 276 (1) (477 SE2d 414) (1996).
[3] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-5-23.1.