## A02A1376. ROBERTS v. THE STATE.
(570 SE2d 595)

MILLER, Judge.

Following a jury trial, Willie Roberts was convicted of one count of armed robbery and one count of aggravated assault. On appeal he contends that (1) his trial counsel was ineffective, (2) the trial court erred in allowing police officers to identify Roberts as the man shown in a videotape of the robbery, and (3) the evidence was insufficient to sustain the convictions. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that late one night two men with handguns and wearing bandanna masks entered a gas station food mart. One of the men fired a gun at an employee of the store. The men then forced the employee to open the cash register. The employee noticed that the man who grabbed the money from the register had a distinctive tattoo on his arm. The police took a statement from Roberts four days after the robbery.

At trial, the store employee positively identified Roberts as one of the men who robbed the food mart. Even though the robbers were wearing masks at the time of the robbery, the employee testified that he recognized Roberts's eyes and that he remembered the distinctive tattoo from the robbery. In addition, police officers testified that Roberts's appearance at trial was significantly different from his appearance at the time of the robbery and indicated that Roberts was the person who appeared in a surveillance video taken of the robbery. Even Roberts himself admitted that his hair had changed since the

date of the robbery, and he also acknowledged that he had a tattoo on his arm.

Roberts was convicted of one count of armed robbery and one count of aggravated assault. After the initial time expired for his direct appeal, Roberts was granted an out-of-time appeal.

1. For the first time on appeal, Roberts argues that his trial counsel was ineffective. Roberts failed to raise any issue relating to his trial counsel's effectiveness in the lower court, and no hearing ever took place regarding his counsel's effectiveness. This enumeration is therefore waived on appeal. *Ponder v. State*, 260 Ga. 840, 841-842 (1) (400 SE2d 922) (1991) ("'[A] claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing. [Cit.]'").

2. Roberts contends that the trial court erred in permitting police officers to offer opinion testimony that Roberts was the man depicted in the surveillance videotape relating to the food mart robbery. We disagree.

As this Court stated in *Harper v. State*, 213 Ga. App. 444, 448 (5) (445 SE2d 303) (1994):

[A] witness's opinion concerning the identity of a person depicted in a surveillance photograph is admissible if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury. This criterion is fulfilled where the witness is familiar with the defendant's appearance around the time the surveillance photograph was taken and the defendant's appearance has changed prior to trial.

(Citations and punctuation omitted.) The officers who testified had observed Roberts only four days after the robbery and noticed that his appearance had changed by the time of trial. Even Roberts himself admitted that his appearance had changed prior to trial. As in *Harper*, although the police officers here "were not eyewitnesses to the robbery . . . , unlike the jury[ ] they were able to observe the defendant at the time of the robbery before his appearance had changed. Thus . . . their opinions [were] based upon their personal knowledge of the facts to which they testified." Id. The trial court did not err in allowing this opinion testimony.

3. Roberts argues that the evidence was insufficient to sustain his convictions because the only evidence connecting him to the crimes for which he was convicted was the testimony of a sole eyewit-

ness. This enumeration is without merit. "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 16, 2002 —
RECONSIDERATION DENIED SEPTEMBER 3, 2002.

*John P. Cannon, Ingrid D. Polite,* for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney,* for appellee.