A05A1305. EADY v. THE STATE.
(614 SE2d 868)

BLACKBURN, Presiding Judge.

Following a jury trial, Dexter Eady appeals his conviction for armed robbery, contending that the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Eady] no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the verdict will be upheld.

*Warren v. State.*[1]

Viewed in this light, the record shows that, on August 13, 2001, Anibal Santiago was approached by Eady and an unidentified accomplice in an alley. Eady held a handgun to Santiago's head and demanded his money. At the same time, Eady's accomplice rummaged through Santiago's pockets and took, among other things, his money and his wallet. Eady and his accomplice then fled.

During the robbery, Santiago concentrated on Eady's face, and he later positively identified Eady as one of his assailants from a photographic lineup. Based on this positive identification, Eady was arrested, charged, and brought to trial. During trial, Santiago once again positively identified Eady as his assailant.

Based on Santiago's positive identification of Eady, the jury was authorized to convict Eady. And Eady's contention that there was no other evidence of his guilt does not change this result.

Contrary to [Eady's] argument, the testimony of a single witness is generally sufficient to establish a fact, and this includes a victim's uncorroborated identification of an assailant. The lack of corroboration goes only to the weight of the evidence and the victim's credibility, matters which are solely within the purview of the jury. Thus, even though [Santiago] is the only witness who could testify that [Eady robbed] him, that testimony was enough to establish [Eady's] identity as one of the assailants.

(Footnotes omitted.) *Parham v. State.*[2] Accordingly, we find sufficient evidence from which the jury was authorized to find Eady guilty beyond a reasonable doubt of armed robbery.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

---

[1] *Warren v. State*, 265 Ga. App. 109, 110 (592 SE2d 879) (2004).
[2] *Parham v. State*, 255 Ga. App. 608, 609 (565 SE2d 913) (2002).

DECIDED MAY 11, 2005.

*Noel G. Perry*, for appellant.

*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.