## A05A1406. BRADFORD v. THE STATE.
### (618 SE2d 709)

BARNES, Judge.

Acie Bradford appeals from his conviction for armed robbery. Bradford contends that: (1) insufficient evidence supports his conviction, (2) the trial court erred in denying his motion to suppress, (3) the trial court erred in allowing two witnesses to identify Bradford from a videotape, and (4) the trial court erred in allowing another witness to identify him in court and from the videotape. For the reasons that follow, we affirm.

"On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citation and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). Viewed in this light, the record shows that one night a clerk was closing Big Don's convenience store in Barrow County. She placed $1,050 in bills into a blue bank bag. A customer was also at the store at this time to make a purchase. While the customer was paying for his items, a man wearing a ski mask rushed into the store with a gun and robbed the store, taking the bank bag. After the robber fled, the clerk called 911 and the store owner to report the crime. When the police arrived, the clerk described the incident and the suspect. After reflecting upon the robbery, the clerk decided that a store customer she knew as "Baldy" had been the robber, based on the suspect's size and how he moved, which she described as "always like he was jumping back and forth on it." After discussing it with the store owner and viewing video from the store's security cameras, the clerk informed the police that the suspect she knew as "Baldy" was the appellant, Acie Bradford. The customer described to the police and at trial the suspect's appearance and the clothes he wore during the robbery, a burgundy sweatshirt and khaki pants. The customer also testified he knew Acie Bradford by the nickname "New York." Another witness testified that she saw Acie Bradford fleeing Big Don's with a gun and a bag, without the ski mask covering his face. The owner also identified Bradford as the

robber, based on the security videotape and having often seen him in his store. Another witness, Bradford's former employer, also was able to identify him in the security video after watching it, based on her prior knowledge of him. Based on this information, the Winder Police Department obtained a search warrant for the apartment of Acie Bradford's girlfriend. The result of the search was the discovery of the gun used in the robbery and the sweatshirt and pants worn by the robber the night in question.

1. Bradford argues that insufficient evidence supports his conviction for armed robbery. We disagree. "[T]he testimony of a single witness is generally sufficient to establish a fact, and this includes a victim's uncorroborated identification of the assailant." *Parham v. State*, 255 Ga. App. 608, 609 (565 SE2d 913) (2002). In the instant case, the victim's identification is corroborated. Though the clerk did not know the assailant's name, she knew his nickname and knew him by sight, because of his familiarity to her as a customer of the store. This same reasoning stands for the customer's identification of Bradford. Additionally, there is a video record of the robbery which allowed the store owner to identify the robber. If that were not enough, the other witness knew Bradford by name and sight, saw him fleeing the scene with a bag and a weapon, apparently unburdened by the ski mask that he wore during the commission of the robbery. Under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find this evidence sufficient to support Bradford's conviction for armed robbery.

2. Bradford also contends that the trial court erred in denying his motion to suppress. We disagree.

When reviewing a trial court's decision on a motion to suppress, an appellate court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility of witnesses are adopted unless they are clearly erroneous. *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990). Bradford's argument is two-fold: that he had standing to contest the search, and that there was insufficient evidence of probable cause to issue the search warrant. Addressing the issue of probable cause, it is well established that the duty of the appellate court is "simply to ensure that the magistrate had a 'substantial basis for concluding' that probable cause existed." (Citation and punctuation omitted.) *Sims v. State*, 207 Ga. App. 353, 354 (427 SE2d 842) (1993). In the instant case, based on the testimony provided by the eyewitnesses and the police officers investigating the robbery, we find that the judge issuing the search warrant indeed had a "substantial basis for concluding" that probable cause existed.

On the question of standing, the fact that we have found that the search warrant was properly issued and identified Bradford and the place he was known to reside makes the issue of standing moot. We find that the trial court correctly denied Bradford's motion to suppress.

3. Bradford argues that the trial court erred in denying his motion in limine regarding the witnesses' identification of him from a videotape. We do not agree. "On appeal from the denial of a motion in limine, an appellate court must adopt the trial court's findings of fact unless they are clearly erroneous and not supported by any evidence admitted at the suppression hearing." (Citation omitted.) *Outlaw v. State*, 248 Ga. App. 588, 589 (546 SE2d 327) (2001). Although the trial court initially granted the motion in limine regarding the identifications by the store owner and Bradford's former employer, further research led the court to modify its decision and deny the motion. The trial court has the discretion to modify its rulings on a motion in limine at any time under *Helton v. State*, 217 Ga. App. 691, 693 (1) (c) (458 SE2d 872) (1995). As to the identifications themselves, this court has previously held that,

> [a] witness's opinion concerning the identity of a person depicted in a surveillance photograph is admissible if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury. This criterion is fulfilled where the witness is familiar with the defendant's appearance around the time the surveillance photograph was taken and the defendant's appearance has changed prior to trial.

*Roberts v. State*, 257 Ga. App. 251, 252 (2) (570 SE2d 595) (2002). The store owner and Bradford's former employer's familiarity with Bradford and his quirky body movements would be a sufficient basis to conclude that they were more likely to correctly identify him than the jury. Accordingly, the trial court did not err in denying Bradford's motion in limine.

4. Bradford further contends that the trial court erred in denying the motion in limine as to the clerk's in-court identification of appellant and her identification of him in the security tape. We disagree. The standard of review regarding the appeal of the denial of a motion in limine and the principles applicable to an identification from a surveillance tape are stated in Division 3. See *Roberts v. State*, supra, 257 Ga. App. at 252; *Outlaw v. State*, supra, 248 Ga. App. at 589. Additionally, the trial record shows that the clerk's in-court identification was based not only on the security video, which is allowable under *Roberts*, but also from her recognition of the robber's

voice as she was being held up. This voice identification would strengthen her visual identification, not weaken it as Bradford suggests, and this is a sufficient basis to conclude that the clerk was more likely to correctly identify Bradford than the jury. Accordingly, the trial court did not err by denying Bradford's motion in limine.

Finding no error, we affirm Bradford's conviction for armed robbery.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JULY 27, 2005.

*Kathleen J. Anderson*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.