### A09A1757. STRICKLAND v. THE STATE.
(690 SE2d 638)

MILLER, Chief Judge.

A Treutlen County jury convicted Martavis Strickland of a single count of distribution of cocaine (OCGA § 16-13-30 (b)). Following the denial of his motion for new trial, Strickland now appeals, arguing that the trial court erred in (i) failing to sustain his objection to lay opinion testimony identifying him on a surveillance videotape and (ii) denying his motion for directed verdict based on sufficiency of the evidence. Given that the State's identification witness had personal knowledge of Strickland's appearance at the time the surveillance photograph was taken, which had changed prior to trial, we affirm.

On appeal, we review a trial court's decision to admit identification testimony for an abuse of discretion. *Mitchell v. State*, 283 Ga. App. 456, 457 (641 SE2d 674) (2007).

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the evidence shows that in June 2005, Georgia Bureau of Investigation Agent Dana Reese was conducting an undercover narcotics investigation in Treutlen County in conjunction with the Treutlen County sheriff, utilizing confidential informant Jimmy Claxton to make drug purchases under surveillance. On June 2, 2005, Agent Reese and the Treutlen sheriff met with Claxton at a location outside Soperton, and Agent Reese searched Claxton's person and vehicle, finding no contraband. Providing Claxton with $60 in drug task force funds, Agent Reese instructed Claxton to travel to certain locations in Soperton to make three buys. Claxton left in a vehicle equipped with a video camera and made three purchases of cocaine, returning to a designated meeting place after each purchase to provide Agent Reese with the cocaine. Following the drug buys, Agent Reese retrieved the videotape from Claxton's vehicle, and at trial, the State introduced and published the portion of the videotape depicting Claxton's alleged drug purchase from Strickland. Neither Agent Reese nor Claxton could identify the person who sold Claxton the cocaine in the videotape, but Treutlen County Sheriff's Deputy Jason McCoy later recognized Strickland as the person depicted in the videotape.

Prior to trial, Strickland moved in limine to prohibit Deputy McCoy from offering his opinion as to whether or not Strickland appeared on the videotape retrieved from Claxton's vehicle. The trial

court ruled that Deputy McCoy could testify at trial about any change in Strickland's personal appearance and that he recognized him in the videotape but could not give his opinion that Strickland was the person depicted in the videotape.

1. Strickland argues that the trial court erred in overruling his objection to Deputy McCoy's opinion testimony identifying him as the seller in the videotape. We disagree.

A lay witness who is neither a witness to nor a victim of a crime, but who has viewed a surveillance videotape of the commission of a crime, is permitted to give his or her opinion of the identity of a person depicted on the videotape

> if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury. This criterion is fulfilled where the witness is familiar with the defendant's appearance around the time the surveillance photograph was taken and the defendant's appearance has changed prior to trial.

(Citations and footnote omitted.) *Dawson v. State*, 283 Ga. 315, 320 (4) (658 SE2d 755) (2008). It is improper, however, "to allow a witness to testify as to the identity of a person in a video . . . when such opinion evidence tends only to establish a fact which average jurors could decide thinking for themselves and drawing their own conclusions." (Citations and punctuation omitted.) Id.; OCGA § 24-9-65.

Deputy McCoy testified that he previously worked at the Soperton Police Department and had met Strickland on several occasions, conversing with him on the street. The officer identified Strickland in court and indicated that in June 2005, Strickland wore his hair long in dreadlocks, contrary to his appearance at trial. Deputy McCoy testified that, prior to trial, the Treutlen Sheriff's Office asked him to review the videotape to see if he could identify the person in the videotape. At that time, Deputy McCoy indicated that the person depicted in the videotape "looked like" Strickland and gave this testimony at trial. When Deputy McCoy later identified him in the videotape, Strickland objected to the testimony as contrary to the trial court's pretrial ruling in limine, which objection the trial court overruled.

Unlike opinion evidence which "tends only to establish 'a fact which average jurors could decide thinking for themselves and drawing their own conclusions[ ]' " (*Mitchell*, supra, 283 Ga. App. at 458-459 (footnote omitted)), Deputy McCoy was in a unique position to recognize Strickland given his familiarity with Strickland's personal appearance before and at the time of the offense. See *Roberts*

VALE LAW LIBRARY

*v. State*, 257 Ga. App. 251, 252 (2) (570 SE2d 595) (2002) (police officers were permitted to testify that defendant was depicted in surveillance videotape where they had observed defendant four days after robbery and noticed a change in his appearance by the time of trial). Agent Reese also testified that the person depicted in the videotape had dreadlocks. The trial court's ruling notwithstanding, Deputy McCoy's testimony was probative of a fact in issue and based on his observations of Strickland at the time the surveillance photograph was taken. OCGA § 24-9-65 (where jury's decision is one of opinion, "any witness may swear to his opinion or belief, giving his reasons therefor"). Accordingly, the trial court did not abuse its discretion in admitting his identification opinion testimony. *Dawson*, supra, 283 Ga. at 321 (4) (defendant's close friend was permitted to identify defendant in videotape based on his personal observations of defendant over the years and defendant's change in appearance).

2. Strickland contends that the trial court erred in denying his motion for directed verdict because the evidence was insufficient to support his conviction. Given our disposition of Division 1, Deputy McCoy's testimony was sufficient to identify Strickland as the perpetrator of the crime. OCGA § 24-4-8 ("[t]he testimony of a single witness is generally sufficient to establish a fact"). As such, the evidence was sufficient to find Strickland guilty of distribution of cocaine beyond a reasonable doubt under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

For the reasons set forth above, we affirm the trial court's order denying Strickland's motion for a new trial.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JANUARY 14, 2010.

*William J. Mason*, for appellant.
*Louie C. Fraser, District Attorney, Lauren S. Finley, Assistant District Attorney*, for appellee.