## 40137. RALSTON et al. v. THE STATE.

SMITH, Justice.

Terry Antonio Ralston and Mark Lawrence Shaw were indicted in Cherokee County for the October 31, 1982, slaying of Denver Burel, as well as for armed robbery and attempted armed robbery. They were tried jointly and found guilty of murder and two counts of attempted armed robbery. Each was sentenced to life imprisonment for murder and to two concurrent ten-year sentences for attempted armed robbery, these sentences to be served consecutively to the life sentence. We affirm.

On Saturday, October 30, appellants, who are residents of Louisville, Kentucky, drove to Canton, Georgia to visit friends and attempt to sell drugs. Having heard from a local source that Patricia Taylor, a Canton resident, might want to purchase drugs, appellants and two friends, Blaine Kelley and Ron Jennings, stopped at Taylor's house late Sunday afternoon. Appellants remained outside in the car while Kelley sold Taylor and Robin Gentle some LSD capsules. Kelley returned to the car and the four spent the remainder of the afternoon driving around Canton, visiting potential drug buyers. At trial, Ron Jennings testified that during the afternoon's activities there was a discussion among him, Kelley and appellants to the effect that Taylor was known locally as a drug dealer who kept large sums of cash at home, and that she had been "ripped off" recently.

At 9:30 that night, Taylor, her boyfriend Denver Burel, and Gentle were relaxing in Taylor's living room, watching a television movie, when they heard a knock at the front door. Suddenly two men armed with handguns forced their way inside the house and demanded that the three occupants relinquish their money. When they did not comply, one of the intruders (later identified by Taylor as appellant Ralston) forced Taylor into a back bedroom, where he again demanded money. She replied that she had only three dollars, located in a purse on the living room couch. Ralston slapped her and ran back to the living room. At this point, Taylor heard gunshots and returned to the living room to find Denver Burel mortally wounded, lying face down on the floor. Robin Gentle testified that appellant Shaw had commanded her and Burel to lie on the floor while Ralston took Taylor to the back room, then shot Burel when he attempted to get up. Appellants escaped, returned to Kentucky, and were extradited to Georgia for trial.

According to the testimony of the medical examiner, Burel was killed by two gunshot wounds — one .44 caliber wound to his abdomen and one .38 caliber wound to his chest. Testimony was introduced at trial tending to show that appellants were in possession

of two such pistols at the time of the shooting.

One week after the shooting Patricia Taylor viewed a photographic display consisting of two groups of six photographs each. Ralston's photograph was contained in the first group and Shaw's in the second. Taylor positively identified appellants in "a matter of seconds" as the men who broke in and shot Burel. On the other hand, Robin Gentle viewed a similar photographic display but was unable to identify appellants as the perpetrators. Both Taylor and Gentle made unequivocal in-court identifications of appellants.

Appellant Shaw took the stand at trial and denied shooting Burel or attempting to rob the occupants of the Taylor house while in Canton during the weekend of October 30, 1982. He claimed that he and Ralston were on the interstate en route to Louisville at the time of the shooting.

1. Appellants raise the general grounds. We have reviewed the evidence and find it to be sufficient to authorize a rational trier of fact to convict appellants of the offenses charged. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In their remaining enumeration, appellants contend that Gentle's in-court identification was the result of impermissibly suggestive procedures and should have been stricken by the trial judge. We disagree.

First, appellants argue that Gentle's in-court identification was tainted by her failure to pick their pictures out of a pretrial photographic display. When confronted with this fact by appellants' attorney at trial, Gentle explained that seeing the defendants in person at the trial "just kind of snapped me and I remembered that that's who did it." Citing Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), appellants argue that the courtroom identification procedure was inherently suggestive and conducive to misidentification.

This argument misses the mark. The "totality of the circumstances" test for reliability of Neil v. Biggers applies to extrajudicial pretrial identification procedures such as lineups, showups and photographic displays, not to the in-court procedures used in this case. Because pretrial identification procedures occur beyond the immediate supervision of the court, the likelihood of misidentification in such cases increases, and courts have required that pretrial identification procedures comport with certain minimum constitutional requirements in order to insure fairness. See Whitebread, Criminal Procedure 353 (1980). These extra safeguards are not, however, applicable to Robin Gentle's in-court identification of appellants in this case. Rather, her testimony is subject to the same rules of evidence, witness credibility, and cross-examination as all

testimony in a criminal trial.

We have held that a witness' failure to make a pretrial identification of the accused is not grounds for striking a subsequent in-court identification. " 'A line-up identification, or identification from a group of photographs, is not a prerequisite to every in-court identification.' " *Puckett v. State,* 233 Ga. 449, 451 (211 SE2d 740) (1975). See also *Lowe v. State,* 136 Ga. App. 631, 633 (222 SE2d 50) (1975).

Appellants also contend that Gentle's in-court identification should have been excluded from evidence because of the allegedly suggestive nature of the courtroom environment in which the identification was made. Specifically, they argue that the identification was tainted because Gentle, who knew that the perpetrators were black men, identified appellants as the attackers because they were two of only four black persons present in the courtroom. The Court of Appeals addressed an identical contention in *Manning v. State,* 162 Ga. App. 494 (292 SE2d 95) (1982), and found it to be without merit. We agree. See *McClesky v. State,* 245 Ga. 108 (263 SE2d 146) (1980).

Gentle and Taylor had ample opportunity to observe appellants at close range at the scene of the crime. Appellants wore no masks. The pretrial photographic display was not impermissibly suggestive or unfair, and appellants do not so argue on appeal. Both identification witnesses were subject to exhaustive cross-examination concerning the basis for their in-court identifications and their ability to observe appellants during the crime. We hold that the in-court identifications of appellants were not inadmissible for any of the reasons advanced by appellants, and were properly admitted into evidence by the trial judge.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 30, 1983.

*Glenn Zell,* for appellants.

*Rafe Banks III, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.