## A97A0140. SANFORD v. THE STATE.
(485 SE2d 233)

BEASLEY, Judge.

Sanford was convicted of rape (OCGA § 16-6-1) and burglary (OCGA § 16-7-1), and his motion for new trial was denied.

A masked intruder wielding a knife broke into the victim's apartment, demanded money she did not have, and raped her. Within an hour, officers apprehended Sanford walking down a road in a remote area about one mile away. Found in his pocket was a pair of nylon socks, which he explained he had removed after stepping in an ant bed.

The next day, a knife and mask positively identified by the victim as those used by the rapist were found by officers in the area of numerous ant beds 200 yards from the victim's apartment complex. Officers observed a footprint in an ant bed and a worn foot path leading from the victim's apartment to the location of the knife and mask and toward the area where Sanford was arrested.

On the authority of a search warrant, officers seized items of Sanford's clothing and hair and blood samples. A DNA expert testified that semen in the victim's vagina came from Sanford, and that the probability it was not Sanford's ranged from one in eight billion to one in 100 or 200 million, depending on which test was used. A fiber specialist testified that fibers matching those taken from Sanford's clothing were found in hairs from the victim's cat, in the victim's pubic hair combings, and in the discarded mask; and that fibers matching those taken from the mask, as well as cat hairs, were found in Sanford's clothing.

1. Sanford's first three enumerations raise the general evidentiary grounds but he concedes in his brief that the evidence, if it was all admissible, is sufficient to support the verdict.

2. In his fourth enumeration, Sanford maintains that his trial counsel was constitutionally ineffective because he failed to object to identification by the victim.

Both prior to and at trial, the victim described the rapist's height (fairly short, approximately 5′2″ to 5′6″), build (small stature, wiry), skin color (a very, very dark black man), and hair. Although the rapist removed his mask during the rape, the victim could not describe his face because her eyesight was extremely poor and she purposely did not look at his face. Based on the characteristics the victim had observed, she testified that she felt as though Sanford was the person who raped her, although she had been unable to identify him in a pretrial photographic lineup.

Sanford argues that the courtroom identification procedure was impermissibly suggestive because he was the only African-American at either the defense or prosecution table. He claims that the totality

of the circumstances gave rise to a substantial likelihood of misidentification.

"This argument misses the mark. The 'totality of the circumstances' test . . . applies to extrajudicial pretrial identification procedures such as lineups, showups and photographic displays, not to the in-court procedure[] used in this case." *Ralston v. State*, 251 Ga. 682, 683 (2) (309 SE2d 135) (1983). *Ralston* held that "a witness' failure to make a pretrial identification of the accused is not grounds for striking a subsequent in-court identification." Id. at 684. *Ralston* also rejected the contention that an in-court identification was "tainted by the suggestiveness of [defendant's] position at the defense table and the fact that he was the only black participant in the trial." *Partridge v. State*, 218 Ga. App. 580 (462 SE2d 415) (1995) (physical precedent only).

Although the victim was unable to positively identify Sanford as the rapist, she could state facts within her knowledge sufficient to support an opinion that he was the person in question. See *Randall v. State*, 73 Ga. App. 354, 367 (2) (36 SE2d 450) (1945). "[T]he jury, as in cases of opinion evidence, could have said either that we, upon the consideration of the facts detailed by you upon which you base your opinion, do not accept that opinion and will, therefore, disregard it, or that we will give it credence. [Cit.]" Id.

Since the victim's identification testimony was admissible, counsel did not deprive defendant of a valid objection to it. Sanford has not carried his burden of showing that counsel's performance was deficient. See generally *Martin v. State*, 193 Ga. App. 581, 587 (5) (388 SE2d 420) (1989).

3. Sanford's fifth enumeration is that the court erred in admitting evidence of a 1969 rape committed by him because it was not a similar transaction.

Given the fiber and DNA evidence, it is highly probable that any error in the admission of the earlier crime did not contribute to the verdict and was not harmful. See *Howard v. State*, 215 Ga. App. 342, 344 (2) (450 SE2d 824) (1994) and cits.

4. Under our holdings above, the trial court was not obliged to grant Sanford's motion for new trial.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 18, 1997 —
RECONSIDERATION DENIED APRIL 3, 1997.

*David M. Simpson*, for appellant.
*Thomas J. Charron*, District Attorney, *Joan V. Bloom, Debra H.*

*Bernes, Nancy I. Jordan, Russell J. Parker, Assistant District Attorneys*, for appellee.