304 Ga. 266
FINAL COPY

S18A0732.  THORPE v. THE STATE.

HUNSTEIN, Justice.

Appellant Taurean Thorpe was tried and convicted of felony murder and related offenses in connection with the June 2010 shooting death of Justin Evans.[1]  Thorpe appeals, alleging that he received ineffective assistance of

[1] In October 2010, Taurean Thorpe, Gary Mosley, Santino Butler, Darelle Phillips, and Paul Hill were jointly indicted by a Fulton County grand jury for crimes related to Evans' death.  After Hill pled guilty, the State re-indicted Thorpe, Mosley, Butler, and Phillips in April 2013 as follows: malice murder (Count 1), felony murder predicated on aggravated assault (Count 2), felony murder predicated on conspiracy to commit aggravated assault (Count 3), aggravated assault (Count 4), and conspiracy to commit aggravated assault (Count 5).  Thorpe and Mosley were further charged with conspiracy to distribute marijuana (Count 6) and the unlawful possession of a firearm during the commission of a crime (Count 7).

Thorpe was tried alone beginning on October 7, 2013.  The jury returned its verdict on October 14, 2013, acquitting Thorpe of malice murder but finding him guilty of all remaining counts. The trial court sentenced Thorpe to life for felony murder (Count 2), ten years consecutive for the drug conspiracy charge (Count 6), and five years consecutive for the weapons charge (Count 7).  The remaining counts were either vacated by operation of law or merged for sentencing purposes.

Thorpe filed a motion for new trial on October 22, 2013, and subsequently amended it through new counsel on June 18, 2015.  After a hearing, the trial court denied the motion as amended on September 30, 2015.  Appellant filed a notice of appeal to the Court of Appeals on October 6, 2015, and the case was docketed in the Court of Appeals on December 14, 2017; the case was subsequently transferred to this Court, docketed to the April 2018 term, and submitted for a decision on the

counsel and that the trial court committed reversible error. We affirm.

Viewed in the light most favorable to the jury's verdict, the evidence adduced at trial established that, on June 21, 2010, Justin Evans arranged to buy marijuana from Thorpe and his co-indictee Gary Mosley.[2] When the three met, however, Evans robbed Mosley and Thorpe.

Later that day, Mosley and Darelle Phillips learned Evans resided at an apartment complex in Union City, Georgia, after which Mosley called Thorpe to come to the complex for assistance. Thorpe arrived at the apartment complex with Santino Butler and Paul Hill. Later, as Evans drove past the group on his way into the apartment complex, Mosley, armed with a .40 caliber pistol, shot at the moving car; the bullet struck Evans in the ankle. Shortly thereafter, Evans crashed the car, got out of the driver's seat and attempted to run away, but could only manage to limp. Thorpe pursued Evans, cornered him near one of the buildings in the apartment complex, and, also using a .40 caliber gun, shot Evans in the leg three times; one of the shots severed Evans' femoral artery, which later caused his death. Ballistics evidence confirmed that two different

---

briefs.

[2] This Court previously affirmed Mosley's convictions. See Mosley v. State, 298 Ga. 849 (785 SE2d 297) (2016).

.40 caliber guns were utilized during the assault. Thorpe's cell phone records established he was near the scene of the crime when the shooting occurred and that he was in constant contact with Mosley, Hill, and Butler around the time of the shooting.

Thorpe made numerous inculpatory statements both to witnesses and to co-conspirators regarding his participation in the drug transaction with Evans, as well as his planning of and participation in the subsequent shooting. Thorpe fled the State after the murder and was eventually arrested in Ohio. He testified in his own defense, admitting that he was present at the scene but denying involvement in the shooting.

1. Though not enumerated by Thorpe, we find that the evidence as summarized above was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Thorpe was guilty of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Thorpe alleges two instances of ineffective assistance of counsel. In order to establish ineffective assistance of counsel, a defendant must show that his counsel's performance was professionally deficient and that, but for

3

such deficient performance, there is a reasonable probability that the result of the trial would have been different. Strickland v. Washington, 466 U. S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984). "If the defendant fails to satisfy either prong of the Strickland test, this Court is not required to examine the other." Propst v. State, 299 Ga. 557, 565 (3) (788 SE2d 484) (2016). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." (Citation omitted.) Harrington v. Richter, 562 U. S. 86, 104 (131 SCt 770, 178 LE2d 624) (2011). "In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citations and punctuation omitted.) Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012). With these principles in mind, we review Thorpe's alleged errors.

(a) *Witness impeachment*

Thorpe first alleges that trial counsel was ineffective for failing to impeach Paul Hill with evidence of his prior felony convictions, arguing that discrediting this witness was crucial to the defense's case. Thorpe did not, however,

introduce any of Hill's alleged prior convictions into evidence at the motion for new trial hearing, and it was his burden to show deficient performance and prejudice through "competent evidence, for a silent or ambiguous record is not sufficient to overcome the strong presumption of reasonable performance." State v. Mobley, 296 Ga. 876, 877 (770 SE2d 1) (2015).  See also Revere v. State, 302 Ga. 44 (2) (b) (805 SE2d 69) (2017) (defendant did not meet his burden of showing ineffective assistance where he failed to introduce certified copies of the prior acts to support his claim).  Accordingly, this claim fails.

(b)    *Mosley's hearsay statements*

At trial, many witnesses testified to statements made by co-indictee Mosley regarding Thorpe's participation in the shooting.  Specifically, prior to the shooting, Phillips testified that, as Mosley watched Thorpe chase after Evans, he yelled out, "Get him T, that's the man right there, get him."  Then, as the second round of shots was fired, Mosley informed Hill, Butler, and Phillips "that's T shooting."  Thorpe alleges that counsel was ineffective for failing to object to these statements because the State failed to show the existence of a conspiracy and that Mosley made these statements in furtherance of a conspiracy pursuant to OCGA § 24-8-801 (d) (2) (E).  This claim is without merit.

5

The record clearly shows that Mosley, Thorpe, and their co-indictees conspired to shoot Evans. Moreover, all of Mosley's statements were made either in an effort to direct Thorpe to carry out the shooting or to inform other conspirators of the status of the conspiracy. These statements were clearly made in order to "further the interests of the conspiracy in some way." (Citation and punctuation omitted.) Kemp v. State, 303 Ga. 385, 395 (810 SE2d 515) (2018). Because any objection counsel would have made to these statements would have been meritless, Thorpe has failed to establish deficient performance. Burrell v. State, 301 Ga. 21 (2) (a) (799 SE2d 181) (2017).

3.    Next, Thorpe contends that the trial court erred when it allowed the State to recall a witness for the purposes of making an in-court identification, arguing that the circumstances of the identification were improperly suggestive and violated his right to due process. We disagree.

"A trial judge has broad discretion to allow the recall of a witness." Ivey v. State, 277 Ga. 875, 877 (4) (a) (596 SE2d 612) (2004). The record shows that Syneikia Brittian, an eyewitness to the shooting, testified that, on the day of the shooting, she was looking out the window of her first floor apartment waiting for Evans to return her car. Shortly after seeing Evans drive into the apartment

complex, Brittian saw Evans pull into a parking space, exit the vehicle and attempt to run away. Chasing Evans was a tall African-American male with a low haircut, wearing a white shirt and dark pants. The man had a gun and pursued Evans through the breezeway in front of Brittian's building. She did not identify Thorpe as the shooter prior to trial, and the State did not ask her to identify Thorpe as the shooter during her initial trial testimony.

During a brief recess immediately after Brittian's testimony, she approached an investigator and informed him that she recognized Thorpe as the person she saw chasing the victim. The State requested to recall Brittian for the purpose of identifying Thorpe, to which Thorpe objected, arguing that an in-court identification would be unduly suggestive and highly prejudicial under the circumstances. After hearing arguments from the parties, the court allowed the in-court identification. Brittian identified Thorpe as the person she saw chasing Evans, explaining, "As I looked in [Thorpe's] face, I could put the white t-shirt on him. And it just came back to me." We find no abuse of discretion in the court allowing the recall of this witness. See Lawton v. State, 281 Ga. 459 (2) (640 SE2d 14) (2007).

Thorpe's claim that Brittian's in-court identification was improperly

suggestive under the "totality of the circumstances" also fails because such a test only applies to extrajudicial pretrial identification procedures, not in-court identifications. See Ivey, 277 Ga. at 877 (4) (b) (citing Ralston v. State, 251 Ga. 682 (2) (309 SE2d 135) (1983)). This is so because

> pretrial identification procedures occur beyond the immediate supervision of the court, the likelihood of misidentification in such cases increases, and courts have required that pretrial identification procedures comport with certain minimum constitutional requirements in order to insure fairness. See Whitebread, Criminal Procedure 353 (1980). These extra safeguards are not, however, applicable to [a witness's] in-court identification of [a defendant]. Rather, [the witness's] testimony is subject to the same rules of evidence, witness credibility, and cross-examination as all testimony in a criminal trial.

Ralston, 251 Ga. at 683. Here, defense counsel conducted a thorough and sifting cross-examination of Brittian in an attempt to discredit her identification, and "the jury was aware that [Brittian] had the opportunity to see [Thorpe] in the courtroom and could consider this fact when determining how much credibility to give [Brittian's] testimony." Lawton, 281 Ga. at 462.

4. Finally, the State introduced evidence recovered by law enforcement during a search of co-indictee Mosley's home, including marijuana, baggies, and a digital scale. Thorpe objected to the introduction of the evidence, arguing that

8

it was irrelevant under OCGA § 24-4-401. The trial court admitted the evidence, which Thorpe alleges was error. He also alleges that the evidence was more prejudicial than probative. See OCGA § 24-4-403. Once again, we disagree.

"Decisions regarding relevance are committed to the sound discretion of the trial court." Smith v. State, 299 Ga. 424, 429 (788 SE2d 433) (2016). OCGA § 24-4-401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Id. "The standard for relevant evidence is a liberal one, and such evidence is generally admissible even if it has only slight probative value." (Citation and punctuation omitted.) Anthony v. State, 303 Ga. 399, 408 (7) (811 SE2d 399) (2018). Here, the evidence was clearly relevant as Thorpe and Mosley were jointly charged with conspiracy to distribute marijuana based upon their attempt to sell marijuana to the victim prior to his death. Accordingly, the trial court did not abuse its discretion in admitting this relevant evidence. For the same reasons, Thorpe has failed to show that the admission of this evidence was more prejudicial than probative.

Judgment affirmed. Hines, C. J., Melton, P. J., Benham, Nahmias, Blackwell, Boggs, and Peterson, JJ., concur.

Decided August 20, 2018.

Murder. Fulton Superior Court. Before Judge McBurney.

Gerald A. Griggs, for appellant.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, David K. Getachew-Smith, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew D. O'Brien, Assistant Attorney General, for appellee.