307 Ga. 281
FINAL COPY

S19A1086.  HENRY v. THE STATE.

MELTON, Chief Justice.

Following a jury trial, Appellant Frankie Jay Henry III appeals his conviction for the stabbing death of Antonio Wiley, contending that the evidence presented at trial was insufficient to support his conviction and that he received ineffective assistance of counsel.[1] For the reasons set forth below, we affirm.

1. Henry contends that the evidence presented at trial was not sufficient for a jury to convict him of Wiley's murder.  When

[1] On March 27, 2013, Henry was indicted, along with Michael Ward, Jean Fortie, Norman Simpson, Richard James, and Frederick Dewberry, for malice murder and felony murder predicated on aggravated assault.  Following a jury trial that took place from September 14 to 17, 2015, Henry was found guilty on both counts.  The trial court sentenced Henry as a recidivist to life imprisonment for malice murder. See OCGA § 17-10-7 (a).  Though the trial court purported to "merge" the felony murder count into the malice murder count, the felony murder count was vacated by operation of law.  See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993).  Henry filed a motion for new trial on September 18, 2015, which was subsequently amended by new counsel on September 7, 2018.  After a hearing, the trial court denied the motion as amended on December 12, 2018.  Henry timely filed a notice of appeal, and his case was docketed to the August 2019 term of this Court and subsequently submitted for a decision on the briefs.

evaluating the sufficiency of evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and emphasis omitted.) *Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). "This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." (Citation and punctuation omitted.) *Hayes v. State*, 292 Ga. 506, 506 (739 SE2d 313) (2013).

Viewed in the light most favorable to the verdict, the evidence shows that on August 28, 2011, just days after he arrived at Augusta State Medical Prison, Wiley was stabbed over 65 times. Inmate Dante Morris testified at trial that members of the Atlanta Mob and the Gangster Disciples targeted Wiley over a dispute about a cell phone battery. Morris identified Henry's co-defendants, Frederick Dewberry and Michael Ward, as members of the Gangster Disciples,

2

and Henry as a member of the Atlanta Mob. Moments before Wiley's stabbing, members of the two prison gangs led Wiley out of the dormitory into the yard and around a corner. When Wiley sat down on a bench, a fellow inmate known as "Rump" pulled out a shank and began stabbing Wiley. Other inmates, including Henry, Dewberry, and Ward, joined in. Wiley was eventually able to break away from his attackers and run toward the dormitory, where he collapsed in front of the door.

Sergeant Latonia King responded to the medical emergency call and arrived to find 75-100 rowdy inmates in the yard, several of whom surrounded Wiley. Wiley lay with his eyes open, barely breathing. The inmates were yelling threats at the handful of guards on the scene. King ordered the inmates to return to the dormitory. Although some inmates complied, many continued to threaten the officers. Eventually, King and a nurse were able to reach Wiley and transport him to the medical facility. Despite this, Wiley died from loss of blood. The GBI medical examiner testified that Wiley's cause of death was exsanguination from no less than 65

stab wounds.

Based on the foregoing, we find that the evidence was sufficient to enable the jury to find beyond a reasonable doubt that Henry was guilty of the crime for which he was convicted, as the jury was entitled to accept Morris's testimony identifying Henry as one of the individuals who joined in the stabbing of Wiley. See OCGA § § 24-14-8 ("The testimony of a single witness is generally sufficient to establish a fact."); 16-2-20 (a) ("Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime.").

2. Henry contends that his trial counsel rendered ineffective assistance for: (a) failing to adequately prepare for trial and (b) failing to adequately cross-examine a State's witness, Dante Morris. We disagree.

> In order to succeed on his claim of ineffective assistance, [Henry] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC[t] 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of

4

proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

*Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

(a) Henry asserts that his trial counsel was ineffective for failing to adequately prepare for trial. Namely, Henry alleges that his trial counsel's performance was deficient because he met with Henry only once, just prior to jury selection. This, Henry claims, deprived him of personal access to recorded interviews (particularly Morris's two interviews with the GBI) and the GBI report. However, "'[t]here exists no magic amount of time which counsel must spend in actual conference with his client, and [Henry] does not specifically describe how additional communications with his lawyer would have enhanced his defense.' [Cit.]" *Morrison v. State*, 303 Ga. 120, 125 (5) (a) (810 SE2d 508) (2018). Although he met with Henry only once in person, trial counsel testified at the motion for a new trial hearing

5

that he and Henry had communicated through letters, phone conversations, and family members. Additionally, Henry admitted at the hearing that he communicated with trial counsel before meeting with him in person. Trial counsel also testified that he discussed the contents of the GBI file with Henry. Thus, Henry has not shown that his trial counsel's performance was deficient. Moreover, although Henry was not able to hear any of the recorded GBI interviews, he has not shown how listening to them would have enhanced his defense, thereby failing to establish prejudice. Accordingly, Henry has failed to show that he was deprived of effective assistance of counsel.

(b) Henry also claims that his trial counsel was ineffective for failing to adequately impeach Morris on cross-examination with his prior felony convictions and his alleged prior inconsistent statement to the GBI. Henry contends these omissions were not strategic, but signs of inadequate representation. He generally asserts that a proper cross-examination of Morris would likely have changed the outcome of his trial.

Henry argues that his trial counsel was ineffective for failing to introduce certified copies of Morris's prior convictions at trial to impeach Morris's credibility. However, Henry's cursory briefing on this issue does not identify which of Morris's prior convictions should have been introduced or how their introduction would have led to a different result.[2] "[I]t [is Henry's] burden to show deficient performance and prejudice through competent evidence, for a silent or ambiguous record is not sufficient to overcome the strong presumption of reasonable performance." (Citation and punctuation omitted.) *Thorpe v. State*, 304 Ga. 266, 268 (2) (a) (818 SE2d 547) (2018).

As for trial counsel's alleged failure to impeach Morris with what Henry argues is a prior inconsistent statement, this claim also fails. Specifically, Henry alleges that trial counsel should have questioned Morris regarding his first custodial interview wherein he

---

[2] Morris did testify on cross-examination that he was serving a three-year sentence for arson at the time of the crime.

did not identify Henry as a participant in Wiley's stabbing.[3] However, Henry has failed to show prejudice. On cross-examination, trial counsel successfully elicited testimony from Morris that there were as many as 11 participants in the stabbing, that they were all "coming in and coming out" at the same time, and that he was unable to identify all of the attackers. Under such circumstances, we cannot say that Henry has demonstrated a reasonable probability that further questioning Morris about his failure to identify Henry by name in his first interview would have resulted in a different outcome at trial.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 4, 2019.

---

[3] In his first interview with the GBI, Morris identified four individuals by name (none of whom was Henry) and said that there were nine or ten participants in total. At his second interview, the GBI investigator showed Morris numerous photographs and asked him to pick out the individuals who had been involved in Wiley's stabbing. Morris identified Henry's photo as one of the "major stabbers."

Murder. Columbia Superior Court. Before Judge Annis.

*J. Pete Theodocion*, for appellant.

*Natalie S. Paine, District Attorney, Joshua B. Smith, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General*, for appellee.